## LUBA N. HILL *v.* JOHN R. WILLIAMS ET AL.
### (AC 22149)

Schaller, Flynn and Bishop, Js.

Submitted on briefs October 31, 2002—officially released January 28, 2003

*Luba N. Hill,* pro se, the appellant (plaintiff), filed a brief.

*Norman A. Pattis* filed a brief for the appellee (named defendant).

*Opinion*

PER CURIAM. The plaintiff, Luba N. Hill, representing herself, brought an action against her former attor-

ney, John R. Williams, seeking damages based upon various legal theories.[1] The question presented by this appeal is whether in granting summary judgment the trial court properly concluded that the complaint sounded only in tort theories and not in contract and was therefore barred by the tort statutes of limitations. We reverse the judgment of the trial court in part.

The issue before the court invokes our plenary power to review the legal effect of pleadings and to review the grant of a summary judgment. See *Giulietti* v. *Giulietti*, 65 Conn. App. 813, 833, 784 A.2d 905 ("question of whether a party's claim is barred by the statute of limitations is a question of law, which this court reviews de novo"), cert. denied, 258 Conn. 946, 947, 788 A.2d 95, 96, 97 (2001); *Stingone* v. *Elephant's Trunk Flea Market*, 53 Conn. App. 725, 729, 732 A.2d 200 (1999) (" '[s]ummary judgment may be granted where the claim is barred by the statute of limitations' "); *Baldwin* v. *Jablecki*, 52 Conn. App. 379, 381, 726 A.2d 1164 (1999) (" 'interpretation of pleadings is always a question of law for the court' "). "Whenever [the] language [of the pleadings] fails to define *clearly* the issues in dispute, the court will put upon it such reasonable construction as will give effect to the pleadings in conformity with the general theory which it was intended to follow, and do substantial justice *between the parties*." (Emphasis in original; internal quotation marks omitted.) *Dietter* v. *Dietter*, 54 Conn. App. 481, 489, 737 A.2d 926, cert. denied, 252 Conn. 906, 743 A.2d 617 (1999). "[I]t is

---

[1] The amended complaint also named as defendants Williams' wife and the law firms and individuals who have been associated with Williams' law practice in recent years. On September 28, 1999, the trial court granted a motion to strike and dismissed the action with respect to all of the defendants except for John Williams and the estate of Sue Wise. The estate of Sue Wise filed a motion for summary judgment separate from that of the defendant Williams. The court granted the Wise estate's motion on January 10, 2002. The sole remaining defendant for purposes of this appeal is John R. Williams, to whom we will refer as the defendant in this opinion.

the established policy of the Connecticut courts to be solicitous of pro se litigants and when it does not interfere with the rights of other parties to construe the rules of practice liberally in favor of the pro se party." (Internal quotation marks omitted.) *Macricostas* v. *Kovacs*, 67 Conn. App. 130, 133, 787 A.2d 64 (2001). "The modern trend, which is followed in Connecticut, is to construe pleadings broadly and realistically, rather than narrowly and technically." (Internal quotation marks omitted.) *Beaudoin* v. *Town Oil Co.*, 207 Conn. 575, 587–88, 542 A.2d 1124 (1988).

On March 23, 1999, the plaintiff commenced the present action. Her complaint contains a variety of allegations that sound in tort.[2] The preamble of the complaint also states that this case "is filed as a breach of contract" between the plaintiff and the defendant. The defendant first moved for summary judgment on April 19, 2000. The defendant's counsel was not able to attend the first hearing on his motion, which the court denied on May 8, 2000. Almost ten months after that denial, on February 22, 2001, the defendant filed another motion for summary judgment. Neither party filed affidavits supporting or opposing the motion.[3] The court held a hear-

---

[2] The complaint also contains thirteen numbered paragraphs at its beginning which we will refer to as its "preamble" because they come before the plaintiff begins separately numbering the counts of her complaint.

[3] This summary judgment motion was the procedural vehicle which the defendant used to assert that the complaint sounded only in tort and not in contract. The defendant argued that, since the complaint set forth all relevant dates, it mandated judgment for the defendant because all of his alleged breaches of duty occurred more than three years prior to the commencement of the action and were therefore barred by the applicable tort statutes of limitations. In addition, the plaintiff set out the dates on which she claimed to have engaged the defendant in a contract for legal services, and, as with the tort claims, we are able to ascertain the date she commenced the action against the defendant and determine from that record whether the dates set forth occurred within six years of the commencement of the action. For those reasons, supporting affidavits and counter affidavits were unnecessary for the court to determine what was essentially a legal issue.

ing and, on May 31, 2001, granted the defendant's renewed motion for summary judgment.

The plaintiff first claims that the court's denial of the motion for summary judgment on May 8, 2000, prohibited the defendant from subsequently filing an essentially identical motion. There is no dispute that the defendant's counsel was not able to attend the hearing to argue the first motion for summary judgment. The court noted in its memorandum of decision that the defendant simply refiled the motion for summary judgment that had been denied previously but stated that the earlier motion had been denied "without prejudice and [the] court expressly provided that the defendant could file a new motion for summary judgment."

"[A]lthough a judge should not lightly depart from a prior ruling on a motion before the same or a different judge, the prior ruling is not binding." *Barnes* v. *Schlein*, 192 Conn. 732, 734, 473 A.2d 1221 (1984); see also *Wagner* v. *Clark Equipment Co.*, 259 Conn. 114, 130–31, 788 A.2d 83 (2002). We must bear in mind that where there have been different decisions on the same point of law, "the important question is not whether there was a difference but which view was right." (Internal quotation marks omitted.) *Barnes* v. *Schlein*, supra, 734. In light of the circumstances of this case, where the court denied the initial motion "without prejudice," we conclude that the court acted properly in reconsidering the defendant's motion for summary judgment.

The plaintiff's second claim calls on us to conclude that the court improperly granted summary judgment in favor of the defendant because the complaint contained the statement: "This lawsuit is filed as a breach of contract between John Williams and his client, the plaintiff." If the complaint sounds in breach of contract, the six year statute of limitations provided by General Statutes § 52-576 is applicable. However, if the com-

plaint merely pleads legal malpractice or other claims sounding in tort, the applicable statutes of limitations would be at most three years, and, by virtue of the dates it sets out, the complaint would be time barred. See General Statutes §§ 52-577 and 52-584.[4]

The plaintiff's causes of action for the most part are intentional torts governed by § 52-577, resulting in a statute of limitations of "three years from the date of the act or omission complained of." General Statutes § 52-577. The plaintiff's claims of negligence and reckless, wanton or wilful misconduct are governed by § 52-584, which provides that the cause of action must be brought within two years "from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered, and except that no such action may be brought more than three years from the date of the act or omission complained of . . . ." General Statutes § 52-584.

Viewing all of the events pleaded by the plaintiff in her complaint in the light most favorable to her; see *LaFlamme* v. *Dallessio*, 261 Conn. 247, 262, 802 A.2d 63 (2002); we note that all of the alleged tortious misconduct took place while the defendant was representing the plaintiff. That relationship ended on February 6, 1995. The plaintiff commenced her action on March 23, 1999, more than four years after discharging the defendant and, therefore, more than four years after any such tortious conduct could have occurred. The plaintiff's causes of action that sound in tort are, therefore, time barred by the application of §§ 52-577 and 52-584.

The plaintiff argues, however, that her complaint also alleges a breach of contract and, therefore, § 52-576

---

[4] We note that the defendant's answer and special defenses did not plead a specific statute of limitations, but stated generally "[e]ach and every claim of the plaintiff is barred by the applicable statute of limitations."

provides the appropriate statute of limitations.[5] We agree with the plaintiff. Although not artfully pleaded, parts of her complaint sound in breach of contract.[6]

Our Supreme Court has recognized that not all claims against an attorney are necessarily actions in tort. See *Stowe* v. *Smith*, 184 Conn. 194, 198–99, 441 A.2d 81 (1981); *Robbins* v. *McGuinness*, 178 Conn. 258, 261–62, 423 A.2d 897 (1979). In the present case, the complaint goes beyond being merely "couched in the language of tort . . . ." *Shuster* v. *Buckley*, 5 Conn. App. 473, 478, 500 A.2d 240 (1985).

The plaintiff, in her complaint, describes the matters for which the defendant was hired and the dates on which the parties created the relevant agreements. Specifically, on March 27, 1993, the defendant agreed "to represent the plaintiff in a civil action against her ex-husband." On April 14, 1993, the defendant agreed "to represent the plaintiff in her family case to appeal her divorce, obtain accurate support and obtain sole custody of the Hill children." And finally, on May 3, 1993, the defendant agreed "to represent the plaintiff in her legal malpractice suit against her [former] divorce attorney." The plaintiff then describes her complaint as a "breach of contract lawsuit."

At several points in the complaint, the plaintiff refers not only to the defendant's failure to proceed in several actions, but also to the defendant's refusals to take certain actions in furtherance of the matters for which the defendant had been hired. The New College Edition of the American Heritage Dictionary of the English Lan-

---

[5] According to General Statutes § 52-576, "[n]o action for an account, or on any simple or implied contract, or on any contract in writing, shall be brought but within six years after the right of action accrues."

[6] We do not comment on the legal sufficiency of any counts of the complaint sounding in contract in terms of whether they set out each and every necessary element of a contract claim because that issue was not raised and is not before us.

guage (1981) defines the word "refuse" as "to decline to do." It goes on to state: "Refuse is used of a positive, unyielding, sometimes brusque decision not to act, accept, or do something." Id.

Use of the word "refuse" imports an intentional act rather than some inadvertence or negligent act or omission on the part of the defendant in breach of the agreements between the parties. For example, after describing the complaint as a "breach of contract lawsuit" in the preamble, the twenty-fourth count (incorporating language from a previous count) alleges that the defendant "refused to file [the] correct motion to obtain correct support" and "refused to schedule hearings . . . to obtain correct support," actions which would appear to be required of him under the alleged April 14, 1993 agreement. This count and several others allege that the defendant is liable to the plaintiff for his "breach of duty." The court implicitly treated this language as meaning only the duty of reasonable care considered in negligence cases. However, a duty also may arise pursuant to a contract such as allegedly existed in this case.[7] Moreover, the same course of conduct may sound both in tort and in contract; see 57A Am. Jur. 2d, Negligence §§ 119-25 (1989); and the court should apply the relevant statute of limitations to each claim.

The allegations described apply to a breach of contract claim. We, therefore, disagree with the court's holding that the plaintiff's complaint "failed . . . to include any counts alleging breach of contract . . . ."

The court, in reaching that holding, stated "the Connecticut Supreme Court has allowed plaintiffs to initiate actions against attorneys in both tort and contract only where each claim is clearly alleged in separate counts."

[7] Black's Law Dictionary (7th Ed. 1999) defines a legal duty as "a duty arising by contract or by operation of law; an obligation the breach of which would be a legal wrong."

The trial court cited *Westport Bank & Trust Co.* v. *Corcoran, Mallin & Aresco,* 221 Conn. 490, 494 n.5, 605 A.2d 862 (1992), as support for this proposition. We do not read *Westport Bank & Trust Co.* as authority for the proposition for which the court cited it, namely, that tort and contract theories must be plead in separate counts for the contract theory to be legally viable. The plaintiff in *Westport Bank & Trust Co.* alleged in separate counts that the defendant in that case breached an attorney-client contract and committed legal malpractice. Id. At no point did the court hold that separating the claims of tort and contract into distinct counts was a prerequisite to the recognition of a claim sounding in contract. See id. "We have uniformly approved the use of a single count to set forth the basis of a plaintiff's claims for relief where they grow out of a single occurrence or transaction or closely related occurrences or transactions, and it does not matter that the claims for relief do not have the same legal basis." *Veits* v. *Hartford,* 134 Conn. 428, 438–39, 58 A.2d 389 (1948); see also *Knapp* v. *Walker,* 73 Conn. 459, 461, 47 A. 655 (1900) (fraud and breach of contract claims made in single count); *Burns* v. *Koellmer,* 11 Conn. App. 375, 385–86, 527 A.2d 1210 (1987) (complaint contained contractual, quasi-contractual theories of recovery in same count).

"If the defendant had wished to distinguish more particularly the theories invoked by the pleadings, his recourse was a request to revise the pleadings." *Burns* v. *Koellmer,* supra, 11 Conn. App. 387; see also Practice Book § 10-35. If the defendant was not satisfied with the state of the pleadings after any such revision, he could have filed further requests for revision.

The trial court also relied on our decision in *Shuster* v. *Buckley,* supra, 5 Conn. App. 473. We believe that *Shuster* is readily distinguishable from the plaintiff's case. In *Shuster,* unlike the present case, the complaint

made no averment that the claim was brought as a breach of contract. See id. It was only after the trial court in *Shuster* already had granted the defendant's motion for summary judgment based on the tort statute of limitations in § 52-577 that the plaintiff in that case attempted to add a count alleging breach of contract to his complaint. Id., 475–76.

We conclude that the six year statute of limitations set forth in § 52-576 applies to the plaintiff's complaint insofar as it seeks to hold the defendant liable for his refusal to perform his duties pursuant to his contracts with the plaintiff. "In an action for breach of contract . . . the cause of action is complete at the time the breach of contract occurs, that is, when the injury has been inflicted." *Kennedy* v. *Johns-Manville Sales Corp.*, 135 Conn. 176, 180, 62 A.2d 771 (1948). According to the pleadings, the plaintiff first hired the defendant on March 27, 1993, and eventually discharged the defendant on February 6, 1995. Any alleged breach of contractual duty on the defendant's part, triggering the six year statute of limitations, would have occurred during that span of time. The plaintiff commenced the present action on March 9, 1999. With fewer than six years passing between when the defendant was first hired and the date the action commenced, the present action must have been brought within the contract statute of limitations set by § 52-576. It was, therefore, improper for the court to grant the defendant's motion for summary judgment on the entire complaint where that complaint alleged a breach of contractual duty.

We conclude on the basis of our review of the record that allegations sounding in contract are contained in the preamble and in counts 13, 24, 35, 54, 65, 76, 87, 95, 116, 127, 138, 149, 160, 171, 182, 193, 201, 216, 232, 247, 262 and 277.

The judgment is reversed only as to those allegations sounding in contract and the case is remanded for further proceedings on those allegations.