ROBERT B. CAFFERY *v.* MARTIN S. STILLMAN
(AC 23512)

Bishop, McLachlan and Mihalakos, Js.

Argued June 5—officially released September 2, 2003

*John R. Williams*, for the appellant (plaintiff).

*James V. Somers*, with whom were *Kristi E. Mackin* and, on the brief, *James M. Sconzo*, for the appellee (defendant).

BISHOP, J. In this appeal from the summary judgment rendered in favor of the defendant, Martin S. Stillman, the plaintiff, Robert B. Caffery, claims that the trial court improperly determined that his claims were barred by the statute of limitations and that he was collaterally estopped from asserting claims that could have been raised in an allied workers' compensation claim. We affirm the judgment of the trial court.

The following procedural history and factual background are germane to our discussion of the issues on appeal. On April 16, 1992, the plaintiff sustained injuries in the course of his employment with the city of New Britain (city). Later that summer, the plaintiff retained the defendant to represent him in his workers' compensation claim and in regard to any claims that could be asserted against the city. On February 16, 1994, with the assistance of the defendant, and after being canvassed by the workers' compensation commissioner (commissioner), the plaintiff stipulated to a full, final and complete settlement of his workers' compensation claim against the city for the sum of $95,000.

Slightly less than three years later, on January 28, 1997, the plaintiff filed a legal malpractice claim against the defendant in which he alleged, in sum, that the defendant had not represented him adequately before the commissioner, and that the nature and extent of the injuries entitled the plaintiff to a sum greater than that which he had received through the stipulation. The court dismissed the 1997 action on September 3, 1997, reasoning that because the plaintiff had not first sought to open the workers' compensation case, in which that procedure had been available, the court lacked subject matter jurisdiction. No appeal was taken from the court's order of dismissal.

The plaintiff did, however, seek to open the workers' compensation case. Unsuccessful in that effort, he appealed to this court. We affirmed the determination of the workers' compensation review board (board) supporting the commissioner's denial of the plaintiff's attempt to open the workers' compensation case against the city. See *Caffery* v. *New Britain*, 54 Conn. App. 902, 733 A.2d 923 (1999).

Subsequently, on September 8, 1999, the plaintiff brought this two count action, claiming, in count one, negligence on the part of the defendant for his failure to inform the commissioner of the full extent of the injuries and, in count two, breach of contract for incorrectly informing the plaintiff that he could bring a liability action against the city for the injuries in addition to his workers' compensation claim.

Count two purports to set forth a contract claim, alleging that the defendant had agreed to "pursue vigorously all legal rights and remedies available to the plaintiff for damages sustained as a result of his said work-related injuries and to diligently represent, protect and defend the plaintiff's rights to a full and fair economic recovery, and to provide the plaintiff with competent and accurate advice concerning his legal rights and remedies in connection therewith."

The plaintiff additionally alleged that the defendant had told him that in conjunction with the settlement of the workers' compensation claim, the plaintiff could still bring a separate action against the city for negligence and that "the defendant promised the plaintiff that he would institute such a suit on the plaintiff's behalf." The plaintiff further alleged that "the defendant's advice was grossly incorrect, in that the plaintiff had no right to bring a separate suit against the City of New Britain and any lawyer practicing law at that time would have known such fact."

On July 1, 2002, the defendant filed a motion for summary judgment, claiming that count one was patently barred by General Statutes § 52-577, the statute of limitations for a legal malpractice claim based on negligence, i.e., a tort, and that count two similarly was barred because it was, in effect, a negligence claim merely couched in contract language. The defendant also asserted that the plaintiff was estopped as a matter of law because his claims already had been heard and decided in the workers' compensation forum. Agreeing with the defendant on all of the bases claimed, the court granted the motion and rendered summary judgment as to both counts on September 10, 2002. This appeal followed.

The pathway to our analysis is well trodden. Summary judgment is appropriate where "the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) *Miller* v. *United Technologies Corp.*, 233 Conn. 732, 744–45, 660 A.2d 810 (1995). Because the court's decision on a motion for summary judgment is a legal determination, our review on appeal is plenary. *Faigel* v. *Fairfield University*, 75 Conn. App. 37, 40, 815 A.2d 140 (2003).

General Statutes § 52-577, which applies to legal malpractice claims based on negligence, provides that "[n]o action founded upon a tort shall be brought but within three years from the date of the act or omission complained of." Because the alleged behavior of the defendant took place in conjunction with the settlement of the workers' compensation claim, the latest date of any such behavior would have taken place at the time of the final stipulation in February, 1994. That action, however, was brought substantially more than three years after the acceptance of the stipulation by the workers' compensation commissioner.

The plaintiff claims, nevertheless, that his action is saved by the provisions of General Statutes § 52-592, the accidental failure of suit statute. The plaintiff clearly is incorrect because to enjoy the protection of § 52-592 (a), a plaintiff must file an action "for the same cause at any time within one year after the determination of the original action . . . ." General Statutes § 52-592 (a). Here, the record is plain that more than one year elapsed between the date the court dismissed the original action, September 3, 1997, and September 8, 1999, when this action was brought. In an effort to circumvent the clear import of § 52-592, the plaintiff has claimed that, in effect, the court did not dismiss the original action, but rather deferred the action until he had returned to the workers' compensation forum. Our review of the record discloses no basis for that argument. Rather, the record leaves no doubt that on September 3, 1997, the court dismissed the action, leaving no life ring for the survival of the plaintiff's claims other than the one year grace period provided in § 52-592.

As to the second count, the plaintiff asserts that the court incorrectly determined that it was, in fact, a negligence claim governed by § 52-577, the statute of limitation for tort claims. Rather, the plaintiff asserts that the second count sounds in contract, which is governed by the six year statute of limitations set forth in General Statutes § 52-576 (a), which provides that "[n]o action for an account, or on any simple or implied contract, or on any contract in writing, shall be brought but within six years after the right of action accrues, except as provided in subsection (b) of this section."[1]

The question, then, before the trial court and for our review is whether the allegations of the second count set forth a claim in contract or in tort. If a contract

---

[1] General Statutes § 52-576 (b) concerns legally incapable persons and is inapplicable.

claim was set forth, the claim was timely under the six year statute of limitations because the action was brought within six years of the alleged conduct of the defendant. If a tort claim was set forth, however, the action is time barred because it was brought more than three years after the alleged conduct and not within one year of the dismissal of the prior action. We believe the language of the second count, even when construed in the light most favorable to its preservation, was no more than a tort claim clothed in contract terms.

We begin our analysis with the observation that "[t]he interpretation of pleadings is always a question of law for the court. *Cahill* v. *Board of Education*, 198 Conn. 229, 236, 502 A.2d 410 (1985) . . . ." (Citations omitted.) *Jacques All Trades Corp.* v. *Brown*, 33 Conn. App. 294, 302, 635 A.2d 839 (1993). Our review, therefore, is plenary.

At the outset, we agree with the plaintiff's statement of law that one may bring against an attorney an action sounding in both negligence and contract. See *Mac's Car City, Inc.* v. *DeNigris*, 18 Conn. App. 525, 529–30, 559 A.2d 712, cert. denied, 212 Conn. 807, 563 A.2d 1356 (1989). *Mac's Car City, Inc.*, does not stand for the proposition, however, that one may bring an action in both negligence and contract merely by couching a claim that one has breached a standard of care in the language of contract. Thus, we believe that a claim that a defendant promised to work diligently or in accordance with professional standards is not made a contract claim simply because it is couched in the contract language of promise and breach. Additionally, that case is distinguishable from a true contract claim in which a plaintiff asserts that a defendant who is a professional breached an agreement to obtain a specific result. See *Rumbin* v. *Baez*, 52 Conn. App. 487, 491, 727 A.2d 744 (1999).

At oral argument, the plaintiff claimed that the present case is indistinguishable from *Hill* v. *Williams*, 74

Conn. App. 654, 662, 813 A.2d 130, cert. denied, 263 Conn. 918, 822 A.2d 242 (2003), in which we concluded that one of the plaintiff's counts did sound in contract and, thus, was not barred by the tort statute of limitations. Contrary to the plaintiff's assertions, our determination of the issue before us is not governed by the reasoning of *Hill*.

In *Hill*, we found that the plaintiff had alleged that the defendant had promised to take specific actions that he later refused to undertake and that the plaintiff suffered damages as a result. Id., 659. Here, although the plaintiff alleged that the defendant had promised to bring a liability action against the city, the plaintiff does not claim that he sustained damages as a consequence of the defendant's failure to bring such an action. Rather, he claims that the promise to bring such an action was premised on an incorrect understanding of the law and that he suffered damages as a result of the defendant's failure to understand the limits of the legal remedy.

Telling as to that point is the colloquy during the summary judgment hearing. After defense counsel had argued that the second count was no more than a negligence claim dressed in contract language, the following statement was made by the plaintiff's counsel: "[For] breach of contract, as [the court has] heard, there's a six year statute of limitations, and the breach here was the failure to meet the minimum standard of care, not that something was promised and that that action wasn't given . . . ." Because the second count is, in reality, a negligence claim, it is governed by the three year statute of limitations for tort claims and not the six year statute for contract actions.

Having determined that the court correctly found that both counts were governed by the three year statute of limitations for tort actions as set forth in § 52-577,

we need not reach the plaintiff's last claim regarding the correctness of the court's ruling on collateral estoppel.

The judgment is affirmed.

In this opinion the other judges concurred.