# MARC WEINER ET AL. *v.* MICHAEL H. CLINTON ET AL.
## (AC 28317)

DiPentima, Gruendel and Robinson, Js.

Argued January 15—officially released March 18, 2008

Thomas P. Willcutts, for the appellants (plaintiffs).

Marcy Tench Stovall, with whom, on the brief, was David P. Friedman, for the appellee (named defendant).

Opinion

GRUENDEL, J. In this legal malpractice action, the plaintiffs, Marc Weiner and TMG Marketing, Inc., appeal from the summary judgment rendered by the trial court in favor of the defendant Michael H. Clinton.[1] They claim that the court improperly (1) applied General Statutes § 52-577[2] to the second count of their complaint and (2) concluded that no genuine issue of material fact existed as to their pleading in avoidance of the defendant's statute of limitations defense. We affirm the judgment of the trial court.

In June, 1998, the plaintiffs retained the defendant to represent them in an action brought against the plaintiffs by Michael Lawton. See Lawton v. Weiner, 91 Conn. App. 698, 882 A.2d 151 (2005). Months after Lawton filed suit, he filed a motion for sanctions against the plaintiffs for their failure to comply fully with his discovery requests. On May 21, 1999, the court ordered the plaintiffs to provide substantive responses to all discovery requests within fourteen days. On June 15, 1999, Lawton filed a motion for default for the plaintiffs' failure to comply with the May 21, 1999 discovery order. On June 25, 1999, attorney Steven W. Varney filed an appearance in lieu of the defendant on behalf of the plaintiffs. At that time, the defendant's representation of the plaintiffs ceased.

[1] Although named as defendants, Steven W. Varney and the law firm of Brown, Paindiris & Scott, LLP, are not parties to this appeal. We therefore refer to Clinton as the defendant.

[2] General Statutes § 52-577 provides: "No action founded upon a tort shall be brought but within three years from the date of the act or omission complained of."

On June 29, 1999, the court granted Lawton's motion for default for failure to comply with the discovery order. Varney subsequently asked the defendant to prepare an affidavit describing his conduct in connection with the discovery order, and the defendant complied. In that affidavit, the defendant averred that "as counsel for [the plaintiffs], the undersigned understood the [discovery] order to require [them] to provide a response or production in the event the requested item of information existed. As [the plaintiffs] did not have in [their] possession the requested production items or the requested item did not exist, the undersigned did not interpret the order to require further pleading. . . . [H]ad the undersigned understood the order to require further pleading, [he] would have simply filed a supplemental response indicating, again, that the [plaintiffs] did not have possession of the information requested. . . . [M]y understanding at the time was that the only problem that [Lawton's] counsel had with the responses was his disbelief that the information was not in my client's possession. Therefore, I did not respond to the motion for default as I assumed the court would simply prohibit the [plaintiffs] from attempting to introduce any evidence which would be relevant to the discovery requests . . . ." On September 3, 1999, the plaintiffs filed with the court a motion for reargument of their July 26, 1999 motion to set aside the default judgment, to which was appended the aforementioned affidavit. The court denied that motion, and a hearing in damages followed, at the conclusion of which the court found in favor of Lawton on multiple counts of his complaint. The court awarded Lawton compensatory and punitive damages, as well as attorney's fees, and rendered judgment accordingly.[3]

On November 22, 2004, the plaintiffs commenced the present action by way of a four count complaint. Count

---

[3] The plaintiffs appealed from that judgment to this court with no success. See *Lawton* v. *Weiner*, supra, 91 Conn. App. 721.

one alleged negligence on the part of the defendant, and count two alleged breach of contract on the part of the defendant.[4] In his answer, the defendant denied the allegations of negligence and breach of contract. He further pleaded, as a special defense, that the plaintiffs' action was time barred. In avoidance of that special defense, the plaintiffs alleged fraudulent concealment on the part of the defendant. The defendant thereafter filed a motion for summary judgment on the ground that both counts against him were barred by § 52-577. The court heard argument on the motion on July 31, 2006, and permitted the plaintiffs to supplement the evidentiary record after that date. In its thorough October 19, 2006 memorandum of decision, the court granted the motion for summary judgment in favor of the defendant on counts one and two of the complaint and rendered judgment accordingly. This appeal followed.

Before considering the plaintiffs' claims on appeal, we first note the well established standard of review. "Practice Book § [17-49] requires that judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. A material fact is a fact that will make a difference in the result of the case. . . . The facts at issue are those alleged in the pleadings. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue as to all material facts, which, under applicable principles of substantive law, entitle him to a judgment as a matter of law. . . . The party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. See Practice Book §§ [17-44 and 17-45]. In

---

[4] Count three alleged negligence on the part of Varney and his law firm, while count four alleged breach of fiduciary duty on the part of Varney. Neither is relevant to the present appeal.

deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether a party would be entitled to a directed verdict on the same facts. . . . A motion for summary judgment is properly granted if it raises at least one legally sufficient defense that would bar the plaintiff's claim and involves no triable issue of fact." (Citations omitted; internal quotation marks omitted.) *Lunn* v. *Cummings & Lockwood*, 56 Conn. App. 363, 370, 743 A.2d 653 (2000). Our review of the trial court's decision to grant a motion for summary judgment is plenary. *Boone* v. *William W. Backus Hospital*, 272 Conn. 551, 559, 864 A.2d 1 (2005).

I

In rendering summary judgment in favor of the defendant on the breach of contract count of the plaintiffs' complaint, the court concluded that that count was "only a legal malpractice claim cloaked in contract terms" and, thus, was time barred by § 52-577. The plaintiffs contend that the court's determination was improper. We disagree.

Not all claims against attorneys must necessarily be construed as tort claims. *Mac's Car City, Inc.* v. *DeNigris*, 18 Conn. App. 525, 530, 559 A.2d 712, cert. denied, 212 Conn. 807, 563 A.2d 1356 (1989). Connecticut law recognizes that "one may bring against an attorney an action sounding in both negligence and contract." *Caffery* v. *Stillman*, 79 Conn. App. 192, 197, 829 A.2d 881 (2003). At the same time, one cannot "bring an action in both negligence and contract merely by couching a claim that one has breached a standard of care in the language of contract." Id.; see also *Gazo* v. *Stamford*, 255 Conn. 245, 262, 765 A.2d 505 (2001); *Shuster* v. *Buckley*, 5 Conn. App. 473, 478, 500 A.2d 240 (1985). As we recently observed, "tort claims cloaked in contractual language are, as a matter of law, not breach of contract claims." *Pelletier* v. *Galske*, 105

Conn. App. 77, 81, 936 A.2d 689 (2007). The question, then, is whether the second count of the plaintiffs' complaint was essentially a claim of legal malpractice.

"Malpractice is commonly defined as the failure of one rendering professional services to exercise that degree of skill and learning commonly applied under all the circumstances in the community by the average prudent reputable member of the profession with the result of injury, loss, or damage to the recipient of those services . . . ." (Internal quotation marks omitted.) *Barnes* v. *Schlein*, 192 Conn. 732, 735, 473 A.2d 1221 (1984). Whether the plaintiff's claim is one for malpractice depends on the allegations of the complaint. Id. Interpretation of the pleadings is a question of law over which our review is plenary. See *Mac's Car City, Inc.* v. *DeNigris*, supra, 18 Conn. App. 529.

The first and second counts of the plaintiffs' complaint largely are identical. Both allege that the defendant failed to use reasonable care, skill and diligence in providing legal services to the plaintiffs.[5] "Where the

---

[5] Specifically, count one alleged in relevant part: "As an attorney representing the plaintiffs, [the] defendant . . . owed a duty to the plaintiffs to use reasonable care, skill and diligence in providing legal services to them, in accordance with the applicable standards of care for legal professionals. . . . The default judgment entered against the plaintiffs in the Lawton suit, and the economic damages suffered by the plaintiffs as a result of said judgment, were caused by the carelessness, negligence and breach of the applicable professional standards of care by [the] defendant . . . in one or more of the following respects: [a] he failed to seek to stay the Lawton suit on the basis of an agreement to arbitrate the disputes that were the subject of the Lawton suit; [b] he failed to seek additional extensions of time, as needed, to file proper discovery compliance in a timely manner; [c] he failed to interpose objections to Lawton's discovery requests; [d] he failed to file compliance with the [Lawton] discovery requests in a timely fashion; and/or, [e] he failed to properly advise [the] defendants Varney and [Brown, Paindiris & Scott, LLP] of the status of the proceedings of the Lawton suit upon transferring the file to [Brown, Paindiris & Scott, LLP]."

Likewise, count two, the purported contract claim against the defendant, alleged in relevant part: "Under the express and/or implied terms of [the defendant's] contract to provide legal services to the plaintiffs, [the] defendant . . . owed a duty to the plaintiffs to use reasonable care, skill and

plaintiff alleges that the defendant negligently per-
formed legal services and failed to use due diligence
the complaint sounds in negligence, even though he also
alleges that he retained him or engaged his services."
*Shuster* v. *Buckley*, supra, 5 Conn. App. 478. The only
difference between the two counts is that the second
alleges that the defendant's use of reasonable care, skill
and diligence in providing legal services was an
"express and/or implied" term of the contract between
the parties.[6] That is a distinction without a difference.
The second count of the complaint contains no allega-
tions that refer to specific actions required by the defen-
dant; contra *Connecticut Education Assn., Inc.* v.
*Milliman USA, Inc.*, 105 Conn. App. 446, 459, 938 A.2d
1249 (2008); nor does it contain allegations of the defen-
dant's refusal to take certain actions. See *Hill* v. *Wil-
liams*, 74 Conn. App. 654, 659, 813 A.2d 130, cert. denied,
263 Conn. 918, 822 A.2d 242 (2003). The second count
does not assert that "a defendant who is a professional
breached an agreement to obtain a specific result." *Caf-
fery* v. *Stillman*, supra, 79 Conn. App. 197. Rather, it
simply repeats the allegation that the defendant
breached the standard of care applicable to legal profes-
sionals. Accordingly, the court properly pierced the
pleading veil and concluded that the plaintiffs' claim

diligence in providing legal services to them, in accordance with the applica-
ble standards of care for legal professionals. . . . The default judgment
entered against the plaintiffs in the Lawton suit, and the economic damages
suffered by the plaintiffs as a result of said judgment, were caused by [the
defendant's] breach of his contract to provide legal services to the plaintiffs,
in one or more of the following respects: [a] he failed to seek to stay the
Lawton suit on the basis of an agreement to arbitrate the disputes that were
the subject of the Lawton suit; [b] he failed to seek additional extensions
of time, as needed, to file proper discovery compliance in a timely manner;
[c] he failed to interpose objections to Lawton's discovery requests; [d] he
failed to file compliance with the [Lawton] discovery requests in a timely
fashion; and/or, [c] he failed to properly advise [the] defendants Varney and
[Brown, Paindiris & Scott, LLP] of the status of the proceedings of the
Lawton suit upon transferring the file to [Brown, Paindiris & Scott, LLP]."

[6] No written contract was submitted to the court.

was one sounding in malpractice masked in contract garb.

"Actions for legal malpractice based on negligence are subject to § 52-577, the tort statute of limitations. . . . Section 52-577 is a statute of repose in that it sets a fixed limit after which the tortfeasor will not be held liable and in some cases will serve to bar an action before it accrues." (Citation omitted; internal quotation marks omitted.) *Sanborn* v. *Greenwald*, 39 Conn. App. 289, 301–302, 664 A.2d 803, cert. denied, 235 Conn. 925, 666 A.2d 1186 (1995). The present case recalls *Gazo* v. *Stamford*, supra, 255 Conn. 245, in which our Supreme Court noted that "the only practical difference between the plaintiff's negligence and contract claims is that different statutes of limitations would apply to the two claims. The law should not permit him to recast what is essentially a tort claim as a contract claim solely to gain the potential advantage of a longer statute of limitations." Id., 266.

We conclude that, despite the nomenclature employed by the plaintiffs, the second count of the plaintiffs' complaint sounds in legal malpractice. Filed more than five years after the alleged malpractice, it is barred by § 52-577.

## II

The plaintiffs next claim that the court improperly concluded that no genuine issue of material fact existed as to their pleading in avoidance of the defendant's statute of limitations defense. "The party opposing summary judgment must present a factual predicate for his argument to raise a genuine issue of fact." *Barasso* v. *Rear Still Hill Road, LLC*, 81 Conn. App. 798, 803, 842 A.2d 1134 (2004). We conclude that the plaintiffs have not met that burden.

In their pleading in avoidance of the defendant's statute of limitations defense, the plaintiffs alleged that

the defendant fraudulently concealed from them "the wrongdoing set forth in the plaintiffs' complaint that gives rise to the plaintiffs' causes of action" in violation of General Statutes § 52-595.[7] By way of interrogatory, the defendant subsequently asked the plaintiffs to "[i]dentify each of the specific acts of wrongdoing giving rise to the plaintiffs' cause of action that was concealed from you, as alleged in [the plaintiffs' reply to special defenses]." In responding to that interrogatory, the plaintiffs stated: "That [the] defendant . . . knowingly and intentionally took no action and filed nothing in response to a court order granting a motion for sanctions and ordering substantive compliance with discovery . . . . That [the] defendant . . . knowingly and intentionally filed no response to a motion for default filed in reaction to his failure to respond to the court's discovery order . . . ."

"[T]o prove fraudulent concealment, the plaintiffs [must] show: (1) [the] defendant's actual awareness, rather than imputed knowledge, of the facts necessary to establish the plaintiffs' cause of action; (2) [the] defendant's intentional concealment of these facts from the plaintiffs; and (3) [the] defendant's concealment of the facts for the purpose of obtaining delay on the plaintiffs' part in filing a complaint on their cause of action." *Bartone* v. *Robert L. Day Co.*, 232 Conn. 527, 533, 656 A.2d 221 (1995). To do so, "it [is] not sufficient for the plaintiffs to prove merely that it was more likely than not that the defendants had concealed the cause of action. Instead, the plaintiffs [must] prove fraudulent concealment by the more exacting standard of clear, precise, and unequivocal evidence." (Internal quotation marks omitted.) Id.

---

[7] General Statutes § 52-595 provides: "If any person, liable to an action by another, fraudulently conceals from him the existence of the cause of such action, such cause of action shall be deemed to accrue against such person so liable therefor at the time when the person entitled to sue thereon first discovers its existence."

We conclude that the plaintiffs failed to present a factual predicate for their claim that the defendant intentionally concealed the facts alleged in their interrogatory response. Far from concealing those facts, the defendant memorialized them in an affidavit he furnished to the plaintiffs only months after they transpired. Moreover, the plaintiffs filed a copy of that affidavit with the court as part of their September 3, 1999 motion for reargument of their July 26, 1999 motion to set aside the default judgment. Thus, as of September, 1999, the defendant's sworn statement as to the specific acts of alleged wrongdoing giving rise to the plaintiffs' cause of action was both a matter of public record filed with the Superior Court and a part of the plaintiffs' file in the underlying action. As the court noted in its memorandum of decision, the "plaintiffs present no evidence whatsoever that [the defendant] concealed the affidavit from them, much less that he did so intentionally." The court also stated: "The evidence relied upon by the plaintiffs fails to show any intent on [the defendant's] part to conceal facts, nor does it support a finding that [the defendant's] alleged concealment was directed toward obtaining a delay in the filing of this action to take advantage of the statute of limitations." (Internal quotation marks omitted.) On our examination of the pleadings, affidavits and other proof submitted, we agree. We therefore conclude that the court properly rendered summary judgment on that ground.

The judgment is affirmed.

In this opinion the other judges concurred.