ANDREA MEYERS *v.* LIVINGSTON, ADLER, PULDA, MEIKLEJOHN AND KELLY, P.C.
(AC 32692)

Lavine, Beach and Bishop, Js.

---

Argued November 10, 2011—officially released April 17, 2012

*Thomas P. Willcutts*, for the appellant (plaintiff).

*Proloy K. Das*, with whom were *Bernard F. Gaffney* and, on the brief, *Richard F. Banbury*, for the appellee (defendant).

*Opinion*

BEACH, J. The plaintiff, Andrea Meyers, appeals from the summary judgment rendered by the trial court in favor of the defendant, Livingston, Adler, Pulda, Meiklejohn & Kelly, P.C. On appeal, the plaintiff claims that the court erred in granting the defendant's motion for summary judgment on the ground that the action was commenced beyond the applicable statute of limitations. We affirm the judgment of the trial court.

The record reveals the following. The defendant represented the plaintiff in an action against Shek Hong, Joanne Hong, Hontek Corporation and T.C. Specialty Products, Inc. While representing the plaintiff in that action, the defendant agreed to represent another client, Diane Thibodeau, who had similar claims against the same parties. The defendant joined the claims of the plaintiff and Thibodeau into a single legal action. On December 14, 1999, a settlement of the litigation was reported on the record. The terms of the settlement

were reviewed in open court, and the plaintiff was canvassed by the court. In February, 2000, the defendants in that action filed a motion to enforce the settlement agreement because the plaintiff had declined to sign a release. By motion dated February 22, 2000, the defendant sought to withdraw its appearance on behalf of the plaintiff.[1] On February 25, 2000, the plaintiff executed the settlement agreement and release. The defendant received the settlement check and, after deducting a portion for attorney's fees and/or expenses owed, ultimately remitted the balance to the plaintiff.

The plaintiff served a one count complaint on February 21, 2006. The plaintiff claimed that the defendant was not entitled to an attorney's fee because its representation was unprofessional. She alleged that the defendant "breached its contract duties" to her by bringing about a settlement of the prior action in furtherance of Thibodeau's interests and against the interests of the plaintiff.[2] The defendant filed an answer and special defenses, in which it asserted, inter alia, that the action was barred by the statute of limitations.

The defendant filed a motion for summary judgment on the ground that the plaintiff's claim sounded in tort and was barred by the applicable three year statute of limitations; General Statutes § 52-577; or, in the alternative, that it was barred by the six year statute of limitations for contract claims. General Statutes § 52-576.[3]

---

[1] There is no claim in the complaint that the filing of the motion to withdraw constituted a breach of the representation agreement.

[2] The plaintiff specifically stated in her complaint that the defendant "breached its contract duties to the plaintiff in one or more of the following respects: (a) it pursued the interests of . . . [Thibodeau] in derogation of the interests, wishes and instructions of the plaintiff in bringing about a settlement of the lawsuit; and/or, (b) it failed and/or refused to follow the express wishes and instructions of the plaintiff to reject the settlement offer in the lawsuit and to continue to prosecute the lawsuit."

[3] The defendant argued that the alleged breach of contract occurred, if at all, on December 14, 1999.

The court initially denied the defendant's motion, finding that the action, which was served on February 21, 2006, was initiated within the statute of limitations for contract claims, which began to run on February 25, 2000, when the plaintiff executed the settlement agreement in the underlying action.

In January, 2010, the court granted the defendant's motion to reargue the denial of its motion for summary judgment. At reargument, the defendant argued that the plaintiff's complaint sounded in tort, not contract. The court vacated its prior ruling in which it had denied the defendant's motion for summary judgment and granted the motion for summary judgment, reasoning that the complaint sounded in tort and that the three year limitations period on tort actions had run. The court additionally found that if it were a contract action, it still was not commenced within the six year statute of limitations because the statute began to run on December 14, 1999, the date on which the alleged injury was inflicted, more than six years before the action was brought in February, 2006.

In June, 2010, the plaintiff filed a motion to reargue the court's granting of the defendant's motion for summary judgment. After reconsideration of the parties' arguments, the court denied the relief requested and affirmed its decision granting the defendant's motion for summary judgment. The court determined that the complaint claimed both legal malpractice and breach of contract and that because the plaintiff was fully aware of her claims by December 14, 1999, but did not bring the action until 2006, her claim was barred by both the three year legal malpractice and six year contract statutes of limitations. This appeal followed.

We first set forth the applicable standard of review. "[T]he scope of our review of the granting of a motion

for summary judgment is plenary. . . . In seeking summary judgment, it is the movant who has the burden of showing the nonexistence of any issue of fact. . . . Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . . Summary judgment may be granted where the claim is barred by the statute of limitations." (Citations omitted; internal quotation marks omitted.) *Rosenfield* v. *I. David Marder & Associates, LLC*, 110 Conn. App. 679, 684, 956 A.2d 581 (2008).

The plaintiff claims that the court erred in granting the defendant's motion for summary judgment based on its statute of limitations defense. The plaintiff contends that the court improperly determined that her cause of action had accrued on December 14, 1999. She asserts that her cause of action did not accrue until February 25, 2000, and thus service of the action on February 21, 2006, was within the six year statute of limitations for contract claims. Her argument appears to assume that her cause of action properly sounded in contract.[4]

In order to resolve the plaintiff's claim, we must first examine the complaint to determine the nature of the cause of action raised. Whether the plaintiff's complaint sounds in tort, contract or both depends on the allegations in the complaint. "Interpretation of the pleadings

[4] The defendant argues that the complaint can properly be read to state a cause of action in tort only; to this extent, it implicitly claims that the court erred in finding that the action sounded in both contract and tort. We note that the defendant filed a preliminary statement of issues stating an intent to raise alternate grounds for affirmance. Although the preliminary statement of issues is phrased generally, it has not been contested, and the plaintiff had the opportunity to respond in a reply brief to the argument that the defendant made in its brief.

is a question of law over which our review is plenary." *Weiner* v. *Clinton*, 106 Conn. App. 379, 384, 942 A.2d 469 (2008).

"Connecticut law recognizes that one may bring against an attorney an action sounding in both negligence and contract. . . . At the same time, one cannot bring an action in both negligence and contract merely by couching a claim that one has breached a standard of care in the language of contract. . . . [T]ort claims cloaked in contractual language are, as a matter of law, not breach of contract claims." (Citations omitted; internal quotation marks omitted.) Id., 383. "When a defendant's liability to a plaintiff is premised, however, on principles of tort law . . . the plaintiff may not convert that liability into one sounding in contract merely by talismanically invoking contract language in his complaint . . . and consequently a reviewing court may pierce the pleading veil to ensure that such is not the case. . . . Thus, in doing so, we look beyond the language used in the complaint to determine the true basis of the claim. . . . Whether the plaintiff's cause of action is one for malpractice depends upon the definition of that word and the allegations of the complaint. . . . Malpractice is commonly defined as the failure of one rendering professional services to exercise that degree of skill and learning commonly applied under all the circumstances in the community by the average prudent reputable member of the profession with the result of injury, loss, or damage to the recipient of those services . . . . The elements of a breach of contract action are the formation of an agreement, performance by one party, breach of the agreement by the other party and damages." (Citations omitted; internal quotation marks omitted.) *Pelletier* v. *Galske*, 105 Conn. App. 77, 81, 936 A.2d 689 (2007), cert. denied, 285 Conn. 921, 943 A.2d 1100 (2008).

In her complaint, the plaintiff alleged that "[p]ursuant to the express and/or implied terms of the contract for legal services to represent the plaintiff in the lawsuit . . . [the defendant] owed to the plaintiff a duty of undivided loyalty and a duty to pursue and follow the plaintiff's interests, wishes and instructions in the prosecution of the lawsuit." The complaint alleged that the defendant breached its "contract duties" in that it "pursued the interests of Diane [Thibodeau] in derogation of the interests, wishes and instructions of the plaintiff in bringing about the settlement of the lawsuit; and/or . . . failed and/or refused to follow the express wishes and instructions of the plaintiff to reject the settlement offer in the lawsuit and to continue to prosecute the lawsuit."

A fair reading of the complaint reveals that the plaintiff did not allege a contract claim. In a true contract claim, "a plaintiff asserts that a defendant who is a professional breached an agreement to obtain a specific result." *Caffery* v. *Stillman*, 79 Conn. App. 192, 197, 829 A.2d 881 (2003). The plaintiff does not allege in her complaint that the defendant breached a contract with the plaintiff for legal services by failing to obtain a specific result or to perform a specific task.[5] The unambiguous language of the parties' contract for legal services, which was attached as an exhibit to the

[5] The contract does, of course, specifically require representation; the plaintiff's claim is that the representation was executed unethically. This does not equate to no representation at all.

The dissent agrees that a claim alleging a failure to obtain a specific result pursuant to an agreement sounds in contract. *Caffery* v. *Stillman*, supra, 79 Conn. App. 197. We agree with the dissent that there may be other contractual duties set forth in an agreement. For example, a complaint alleging a refusal to perform specific tasks required by a contract also may set forth a contract claim. *Hill* v. *Williams*, 74 Conn. App. 654, 662, 813 A.2d 130, cert. denied, 263 Conn. 918, 822 A.2d 242 (2003). In either event, there is a specific result or task set forth in an agreement that the attorney has promised to do; an allegation that the attorney failed or refused to do that specific task may constitute a contract claim. The retainer agreement in the present case, however, does not require the defendant to do anything

defendant's motion for summary judgment, reveals that the contract did not promise a specific result or the performance of specific tasks.

Although the plaintiff invokes contract language in her complaint, analysis reveals that the claim functionally is one of professional negligence.[6] The plaintiff alleged in her complaint that the defendant acted tortiously on the ground that the joining of Thibodeau's claim and the settlement terms of the prior action served Thibodeau's interest rather than hers. The gravamen of the complaint is an allegation that the defendant breached its professional duties. The allegation fits squarely within the definition of a malpractice claim: "the failure of one rendering professional services to exercise that degree of skill and learning commonly

specific that the defendant did not do. The only task that the retainer agreement required the defendant to do was to represent the plaintiff. The plaintiff does not claim that the defendant failed to represent her at all. We do not agree with the dissent that an allegation that an attorney failed to follow a request of a client, in the absence of an agreement to do so, states a cause of action in contract in the context of professional negligence.

In *Caffery*, this court stated: "[T]he plaintiff claimed that the present case is indistinguishable from *Hill* v. *Williams*, [supra, 74 Conn. App. 662], in which we concluded that one of the plaintiff's counts did sound in contract and, thus, was not barred by the tort statute of limitations. Contrary to the plaintiff's assertions, our determination of the issue before us is not governed by the reasoning of *Hill*. In *Hill*, we found that the plaintiff had alleged that the defendant had promised to take specific actions that he later refused to undertake and that the plaintiff suffered damages as a result. Id., 659. Here, although the plaintiff alleged that the defendant had promised to bring a liability action against the city, the plaintiff does not claim that he sustained damages as a consequence of the defendant's failure to bring such an action. Rather, he claims that the promise to bring such an action was premised on an incorrect understanding of the law and that he suffered damages as a result of the defendant's failure to understand the limits of the legal remedy." *Caffery* v. *Stillman*, supra, 79 Conn. App. 197–98. Similarly, in the present case, the plaintiff claims that the *manner* in which the defendant performed its legal services was improper. An allegation that one failed to perform professional services with the proper degree of skill sounds in legal malpractice. See *Pelletier* v. *Galske*, supra, 105 Conn. App. 81.

[6] The concurrence is correct in noting that even if it were a contract claim, summary judgment is, nonetheless, appropriate.

applied under all the circumstances . . . with the result of injury, loss, or damage to the recipient of those services . . . ." (Internal quotation marks omitted.) *Pelletier* v. *Galske*, supra, 105 Conn. App. 81. "[W]here the plaintiff alleges that the defendant negligently performed legal services . . . the complaint sounds in negligence, even though he also alleges that he retained him or engaged his services." (Internal quotation marks omitted.) Id., 83.

Because the sole cause of action in the complaint sounds in tort, it is governed by the three year statute of limitations set forth in § 52-577. We need not address the issue discussed by the plaintiff regarding the accrual date of her cause of action. Regardless of whether it accrued on February 25, 2000, or December 14, 1999, the plaintiff's initiation of an action in February, 2006, is well beyond the three year time bar.

The judgment is affirmed.

In this opinion LAVINE, J., concurred in the result.

LAVINE, J., concurring. I agree that the judgment of the trial court should be affirmed. With regard to motions for summary judgment, "[t]he judgment sought shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 17-49.

Whether the action by the plaintiff, Andrea Meyers, sounds in contract or tort does not affect the outcome of this case. In its ruling on the plaintiff's motion for reconsideration, the court stated, "[a]s noted in the [a]ffidavit of the plaintiff dated July 20, 2009 . . . the plaintiff was aware prior to the December 14, 1999 settlement that [Diane] Thibodeau had been joined with

her as a plaintiff over her objection, and she had to settle for less money even though her case was stronger than that of Ms. Thibodeau. She admits that she was fully aware of the conflict of interest by the defendants who later withdrew as her attorneys because of the conflict. This conflict was both legal malpractice and breach of the contract she had with the defendants. As for the injury she sustained as a result, in the transcript of the hearing before [Judge Peck, she] acknowledged the settlement was 'of all of plaintiffs' claims, INCLUDING THEIR OUTSTANDING WORKERS' COMPENSATION CLAIMS.' . . . As explained in her affidavit, she did not want to give up this claim and did not want to settle for the overall sum of $110,000.00 of which she was to get [one-third]. These and other injuries she asserts were caused by the conflict of interest. There is no factual dispute because all of this are admissions by the plaintiff herself in her affidavit. Because this case was not brought until 2006, the [three] year tort and the [six] year contract breach statutes of limitations [apply]. As for the plaintiff's estoppel claim, it is rejected because the plaintiff was fully aware of the claims on December 14, 1999, regardless of whether she had all documents from the defendants." (Emphasis in original.) On the basis of my review of the record, I agree with the court and would affirm the summary judgment.

BISHOP, J., dissenting. In affirming summary judgment, the majority concludes that the trial court correctly determined that the complaint by the plaintiff, Andrea Meyers, sounds in negligence and not contract and, therefore, the plaintiff's claim is time barred by General Statutes § 52-577. The basis of the court's conclusion appears to be twofold: first, the complaint sounds in negligence, and, second, the plaintiff does not allege that the defendant, Livingston, Adler, Pulda, Meiklejohn & Kelly, P.C., breached its contract by failing to obtain a specific result and, therefore, did not allege

a true contract claim. I respectfully disagree with the majority's reasoning and the conclusion it reaches. Because I believe the complaint adequately sets forth a contract claim that is governed by the six year statute of limitations in General Statutes § 52-576 and because the date on which the plaintiff's claim accrued is fact bound and contested, I would reverse the judgment of the trial court and remand for further proceedings.

It is axiomatic that the interpretation of pleadings is a question of law and, therefore, our assessment of the legal nature of the complaint on appeal is plenary. *Montanaro* v. *Gorelick*, 73 Conn. App. 319, 323, 807 A.2d 1083 (2002). In making this determination, I am mindful of Connecticut's legal tradition to "construe pleadings broadly and realistically, rather than narrowly and technically." (Internal quotation marks omitted.) *Beaudoin* v. *Town Oil Co.*, 207 Conn. 575, 588, 542 A.2d 1124 (1988).

With regard to claims against attorneys, this court has previously held that not all such claims must necessarily be construed as sounding in tort. *Mac's Car City, Inc.* v. *DeNigris*, 18 Conn. App. 525, 530, 559 A.2d 712, cert. denied, 212 Conn. 807, 563 A.2d 1356 (1989). Furthermore, in Connecticut, "[o]ne may bring against an attorney an action sounding in both negligence and contract." *Caffery* v. *Stillman*, 79 Conn. App. 192, 197, 829 A.2d 881 (2003). Nor must tort claims be separated from contract claims in a complaint. As this court has previously indicated: "We have uniformly approved the use of a single count to set forth the basis of a plaintiff's claims for relief where they grow out of a single occurrence or transactions or closely related occurrences or transactions, and it does not matter that the claims for relief do not have the same legal basis." (Internal quotation marks omitted.) *Hill* v. *Williams*, 74 Conn. App. 654, 661, 813 A.2d 130, cert. denied, 263 Conn. 918, 822 A.2d 242 (2003). I am aware, as well, that this court

has cautioned that a plaintiff may not escape a tort statute of limitations simply by bringing a tort claim cloaked in contract language as those, as a matter of law, are not breach of contract claims. See *Pelletier* v. *Galske*, 105 Conn. App. 77, 81, 936 A.2d 689 (2007), cert. denied, 285 Conn. 921, 943 A.2d 1100 (2008). These precepts guide my analysis.

Unlike the majority, I believe a fair and liberal reading of the underlying complaint in the present case reveals that, although the complaint contains allegations that may sound in tort, it also contains allegations, based on express or implied contract, that the defendant refused to take specific action requested and directed by the plaintiff. In paragraph seven of the complaint, the plaintiff alleges that "[the defendant] breached its contract duties to the plaintiff in one or more of the following respects:

"(a) it pursued the interests of Diane [Thibodeau, another client who had similar claims against the same parties, as did the plaintiff] in derogation of the interests, wishes and instructions of the plaintiff in bringing about a settlement of the lawsuit;

"(b) it failed and/or refused to follow the express wishes and instructions of the plaintiff to reject the settlement offer in the lawsuit and to continue to prosecute the lawsuit."

These claims, I believe, are not merely negligence claims cloaked in contract terms. Rather, I view them as claims that, contrary to express or implied agreement, the defendant failed to follow the plaintiff's instructions to take specific actions in regard to her case and settled against her interests.[1] As a consequence

---

[1] As the majority correctly points out, the plaintiff does not allege that the defendant failed to represent her at all. She does, however, allege that the defendant failed to take specific action on her behalf through her claim that the defendant failed to follow her wishes and instructions regarding settlement of the case. In light of the terms of the contract, I believe that this allegation, coupled with the plaintiff's request for remittance of the fees

of resolving the case contrary to her instructions and to the terms of the retainer agreement, the plaintiff claims that the defendant is not entitled to payment of legal fees. Accordingly, as a claim for relief, the plaintiff seeks a return of fees paid and a remittal to her of fees held in escrow by the defendant.[2]

In concluding that the complaint does not sound in contract, the majority appears to posit that a claim against an attorney is based in contract only if it alleges that the attorney failed to obtain a specific result. The majority states: "In a true contract claim, a plaintiff asserts that a defendant who is a professional breached an agreement to obtain a specific result. *Caffery* v. *Stillman*, [supra, 79 Conn. App. 197]. The plaintiff does not allege in her complaint that the defendant breached its contract with the plaintiff for legal services by failing to obtain a specific result or to perform a specific task. The unambiguous language of the parties' contract for legal services, which was attached as an exhibit to the defendant's motion for summary judgment, reveals that

being held in escrow, adequately sets forth a claim founded in contract. Thus, although the plaintiff's complaint does not set forth the explicit allegation that the defendant's refusal to follow her directions regarding settlement is the breach for which she seeks a return of fees held in escrow, I believe that claim is implicit in the allegations set forth by the plaintiff coupled with her request for payment of the fees held in escrow. While surely the complaint could have been more artfully and expressly drawn, its imprecision does not defeat its essence as a complaint founded in contract. In sum, construing the complaint broadly, I believe that it is reasonable to conclude that the plaintiff's contract claim is founded on the notion that the defendant's alleged failure to follow her instructions regarding settlement resulted in an unsatisfactory resolution of her claims, contrary to the provision of the contract entitling the defendant to fees upon the claim's satisfactory resolution.

[2] I recognize that the complaint sets forth a claim for damages in addition to a return and remittance of fees. To the extent that the claim of relief for damages relates to the allegations of the complaint regarding the defendant's alleged breach of duty of undivided loyalty, it may well be barred by § 52-577. To the extent that the majority holds that this claim is time barred, I agree.

the contract did not promise a specific result or the performance of specific tasks." (Internal quotation marks omitted.)

Respectfully, I believe the majority applies *Caffery* too broadly and takes the cited language out of its factual context. Certainly, as noted by *Caffery*, a claim that a defendant failed to obtain a specific result after agreeing to do so sets forth a contract claim. *Caffery* did not purport, however, to circumscribe the world of contract law as it relates to attorney defendants. Indeed, as this court recognized in *Connecticut Education Assn., Inc.* v. *Milliman USA, Inc.*, 105 Conn. App. 446, 938 A.2d 1249 (2008), "[A]llegations of a lawyer's refusal to take certain actions indicated an intentional act rather than inadvertence or negligence and went beyond being merely couched in the language of tort . . . ." (Internal quotation marks omitted.) Id., 459. Accordingly, in *Hill*, the court applied the six year statute of limitations for contracts to allegations in the plaintiff's complaint seeking to hold the defendant liable for "his refusal to perform his duties pursuant to his contracts with the plaintiff." *Hill* v. *Williams*, supra, 74 Conn. App. 662. As in *Hill*, where the plaintiff alleged that the defendant refused to take certain actions in furtherance of his contractual duties, so, too, the plaintiff in the present appeal has alleged that the defendant refused her specific instructions in regard to pursuing a satisfactory resolution of her claims.[3]

My conclusion that the plaintiff adequately has set forth a breach of contract claim does not imply, of course, a belief that the plaintiff is entitled to prevail

---

[3] It is important to note that, unlike a typical tort based malpractice claim, this one count complaint contains no allegations that the defendant's conduct was negligent or that its performance was below a standard of competence. Taken as a whole, the complaint succeeds or fails as a contract claim.

because that ultimate determination will require fact-finding after a fair hearing, a task beyond our ken on review. "It is well settled that the existence of a contract is a question of fact." (Internal quotation marks omitted.) *Stevenson Lumber Co.-Suffield, Inc.* v. *Chase Associates, Inc.*, 284 Conn. 205, 216, 932 A.2d 401 (2007). So, too, is the question of whether an actionable breach has occurred. *Colliers, Dow & Condon, Inc.* v. *Schwartz*, 77 Conn. App. 462, 471, 823 A.2d 438 (2003). In the present case, although it is apparent from the face of the fee retainer agreement that the defendant did not expressly agree to follow the plaintiff's directions in the pursuit of her claims, I believe the determination of whether such a requirement may reasonably be inferred from the language of the contract, and the circumstances of its making, would similarly require a fact-laden hearing.

Furthermore, my determination that the complaint adequately sets forth a contractual claim does not end the necessary analysis of whether summary judgment was correctly rendered. In the present case, the trial court determined that, even if the complaint sets forth a contractual claim, it arose more than six years before the action was commenced and, therefore, was barred by § 52-576. In reaching its determination, however, I believe that the court incorrectly decided facts in dispute. The court concluded that the plaintiff's contract claim arose on December 14, 1999, the date on which the parties to the plaintiff's underlying claim put a settlement agreement on the record in court. The plaintiff claims, however, that the defendant's contractual obligations to her continued beyond December 14, 1999, and did not accrue until February 25, 2000, the date on which she alleges she executed a settlement agreement under duress and the date on which she claims her fee dispute with the defendant arose.[4] From the plaintiff's

---

[4] An illustration of the confusion and uncertainty regarding this inquiry is suggested by the court's rulings regarding the start date for purposes of

brief, it is clear that a portion of the complaint is premised upon a fee dispute and that the plaintiff claims that the fee dispute with the defendant did not arise until the date on which she signed the agreement against her instructions. This aspect of the plaintiff's claim clearly highlights the presence of a factual dispute regarding when the claim arose.

Finally, the plaintiff claims that the defendant should be estopped from asserting that any contract based claims arose on December 14, 1999, because of its refusal to turn her file over to her until several months after the defendant moved to withdraw from its representation of her on the basis of a conflict of interest. As to this claim, the court determined that the defendant should not be estopped from asserting a statute of limitations defense because the plaintiff knew of her harm in December, 1999. In response, the plaintiff points out, however, that her estoppel claim is not premised on when she learned that counsel was acting against her wishes but rather on her claim that because the defendant unreasonably withheld her file from her for several months, the defendant should be deprived, as a sanction, from claiming that she should have earlier brought her action. Because the determination of the date on which the plaintiff's cause of action in contract accrued requires an evidentiary hearing, the issue of estoppel is not presently ripe for legal assessment. Rather, I

applying the statute of limitations. The record reveals that on November 17, 2009, the court denied the defendant's motion for summary judgment based on the statute of limitations with the notation: "The motion is denied because the date of suit, February 21, 2006 was within the statute of limitations. The statute began to run February 25, 2000." Thereafter, on June 8, 2010, the court issued the following order: "The court finds that this is a legal malpractice action and not a breach of contract action. Further, the plaintiff became aware of her injury (conflict of interest) in December of 1999. This lawsuit was not brought until 2006, thereby violating the three year (tort) and six year (contract) statutes of limitations. The denial of the motion for summary judgment is vacated and summary judgment is granted for the above reasons."

would reverse the judgment of the court and remand the matter for further proceedings in accordance with law. If, on remand, the issue of estoppel again arises, the court may determine that an evidentiary hearing is necessary to resolve any factual issues enmeshed in the plaintiff's assertion of estoppel as part of its analysis of the claim's legal viability.

Accordingly, I respectfully dissent.