# SIN HANG LEE *v.* BRENNER, SALTZMAN
# AND WALLMAN, LLP, ET AL.
# (AC 31919)

Lavine, Alvord and Schaller, Js.

Argued February 18—officially released April 26, 2011

*Anthony J. Musto*, for the appellant (plaintiff).

*James R. Fiore* and *James P. Sexton*, with whom, on the brief, was *Anthony Nuzzo, Jr.*, for the appellees (defendants).

*Opinion*

ALVORD, J. The plaintiff, Sin Hang Lee, appeals from the summary judgment rendered by the trial court in favor of the defendants, Alice Mick, Stephen Saltzman, David Schaefer[1] and Brenner, Saltzman & Wallman, LLP, on the ground that his action is barred by General Statutes § 52-577.[2] On appeal, the plaintiff claims that summary judgment was improper because there are genuine issues of material fact as to whether the continuous representation doctrine and the continuing course of conduct doctrine tolled the statute of limitations. We disagree and, accordingly, affirm the judgment of the trial court.

The following facts and procedural history are relevant to the resolution of this appeal. The plaintiff was a member of Pathology Associates and Consultants, P.C. (corporation). During January, 1997, the defendants were retained to revise the corporation's existing employment and stockholder agreements, in the context of adding another physician shareholder to the practice. The defendants drafted and distributed the

---

[1] The individual defendants all are attorneys with the firm of Brenner, Saltzman & Wallman, LLP.

[2] General Statutes § 52-577 provides: "No action founded upon a tort shall be brought but within three years from the date of the act or omission complained of."

new employment and stockholder agreements (new agreements) in June, 1997. Accompanying the agreements was a cover letter stating that the drafts could be "tailor[ed]" to "your specific situation after all of you have had a chance to look [them] over" (1997 cover letter). The letter also indicated that the defendants were available to answer questions regarding the new agreements. The plaintiff acknowledged in his deposition that he did not read the new agreements, nor did he speak to his colleagues or to any of the defendants regarding the same, but, nonetheless, he executed the new agreements on May 6, 1998.

Five years later, on May 15, 2003, the corporation discharged the plaintiff, allegedly without cause. The plaintiff commenced this action against the defendants on March 23, 2006.[3] The three count complaint alleged legal malpractice, breach of fiduciary duty and negligent misrepresentation[4] by the defendants for, inter alia, failure to disclose material changes between the former agreements and the new agreements, and failure to advise the plaintiff to consult with his own counsel prior to executing the new agreements. The material change at issue alleged in the plaintiff's complaint is that, prior to the revisions, the employment agreements provided that members of the corporation could be discharged only for cause, but after the revisions, the new agreements allowed members to be discharged without cause. In their answer, the defendants deny that they ever represented the plaintiff, contend that they represented only the corporation and assert a statute of limitations defense as to all counts of the complaint.

---

[3] The fourth revised complaint is the operative complaint and was filed on June 7, 2007.

[4] The plaintiff has not contested the finding of the trial court regarding negligent misrepresentation.

On April 30, 2009, the defendants moved for summary judgment arguing that the plaintiff's claim was time barred by the statute of limitations pursuant to § 52-577. Attached to their motion was an affidavit from Mick stating that only the corporation retained the defendant law firm, that none of the defendants ever represented the plaintiff personally in any manner and that the process of revising the agreements concluded on May 6, 1998, when the new agreements were executed. The plaintiff objected to the motion, arguing that the continuous representation and continuing course of conduct doctrines tolled the statute of limitations. Appended to his objection, the plaintiff included copies of (1) deposition excerpts, (2) the 1997 cover letter, (3) a memorandum from the defendants addressed to the corporation, dated August 18, 2000 (2000 memorandum), and (4) a letter from the corporation's president addressed to the plaintiff dated May 5, 2003 (2003 letter), in which the president indicated that there would be a special meeting to consider the termination of the plaintiff's employment to which the corporation would bring its counsel, the defendants, and thus the plaintiff "should feel free to bring legal counsel . . . if [he] so choose[s]."

After hearing the arguments of the parties, the court granted the motion for summary judgment finding no genuine issue of material fact in dispute as to whether the plaintiff's action was barred by § 52-577. Specifically, the court found that the evidence submitted showed that all of the tortious acts and omissions that the defendants allegedly engaged in occurred on or before May 6, 1998, when the agreement was executed. Thus, the court concluded that the plaintiff commenced the action well outside of the three year statute of limitations prescribed by § 52-577. The court further found, assuming without deciding that an attorney-client relationship ever existed between the parties, that

there was no genuine issue of material fact introduced by the plaintiff that any relationship continued between the parties after the 1998 execution of the agreement, and thus the doctrines of continuous representation and continuing course of conduct did not toll the limitation period.[5] This appeal followed.

Before addressing the plaintiff's specific claims, we note the well settled legal principles governing this appeal. "This court's review of a trial court's granting of a motion for summary judgment is plenary in nature. . . . Our task is to determine whether [the trial court's] conclusions are legally and logically correct and find support in the facts that appear in the record. . . . Practice Book § 17-49 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. In deciding a motion for summary judgment, the trial court

---

[5] With regard to the continuous representation doctrine, the court made the following observations: (1) with the exception of the 2000 memorandum and the 2003 letter, the other evidence produced by the plaintiff focused on conduct occurring prior to the execution of the new agreements in 1998, and thus was irrelevant to the issue of a continuing duty or representation *after* that date; (2) even if the 2000 memorandum tolled the statute, it would only extend the limitations period to 2003, and accordingly was not sufficient to validate the 2006 complaint; and (3) the 2003 letter, to which the defendants were not even parties, did "not raise a triable issue of fact as to whether the defendants, if they ever personally represented the plaintiff in the drafting and execution of the employment contract that was executed in May, 1998, continued to [represent the plaintiff] through May, 2003 . . . ."

In connection with the continuing course of conduct doctrine, the trial court, citing *Sanborn* v. *Greenwald*, 39 Conn. App. 289, 297–98, 664 A.2d 803, cert. denied, 235 Conn. 925, 666 A.2d 1186 (1995), concluded that this doctrine was "not suited to cases, such as the present one, which are premised solely on allegations that an attorney negligently drafted a document, and then failed to warn the client that he or she had done so." The court found that the plaintiff failed to meet his burden to show a continuing duty when the claims at issue arose from a contract drafted and executed some eight years before the plaintiff commenced the action.

must view the evidence in the light most favorable to the nonmoving party. . . . The party moving for summary judgment has the burden of showing . . . that the party is . . . entitled to judgment as a matter of law." (Citations omitted; internal quotation marks omitted.) *Martin* v. *Westport*, 108 Conn. App. 710, 716, 950 A.2d 19 (2008).

"The question of whether a party's claim is barred by the statute of limitations is a question of law, which this court reviews de novo." (Internal quotation marks omitted.) *Certain Underwriters at Lloyd's, London* v. *Cooperman*, 289 Conn. 383, 407–408, 957 A.2d 836 (2008). In the present case, the occurrences that triggered this statute of limitations were the defendants' alleged acts and omissions leading to the plaintiff's May 6, 1998 execution of the new agreements. The plaintiff did not serve his complaint on the defendants until March 23, 2006. Accordingly, we agree with the trial court that the statute of limitations had expired when the plaintiff served his complaint. The plaintiff's complaint may survive, therefore, only if the statute of limitations was tolled.

I

The plaintiff first argues that a genuine issue of material fact exists as to whether the statute of limitations was tolled by the continuous representation doctrine. "[A] plaintiff may invoke the [continuous representation] doctrine, and thus toll the statute of limitations, when the plaintiff can show: (1) that the defendant continued to represent him with regard to the same underlying matter; *and* (2) either that the plaintiff did not know of the alleged malpractice *or* that the attorney could still mitigate the harm allegedly caused by that malpractice during the continued representation period." (Emphasis in original.) *DeLeo* v. *Nusbaum*, 263 Conn. 588, 597, 821 A.2d 744 (2003).

In order to show that the complaint was served within the appropriate statute of limitations, the plaintiff would have had to demonstrate that the defendants represented him individually with regard to "the same underlying matter"; id.; through March, 2003. The plaintiff produced only two pieces of evidence to support his claim that the defendants continuously represented him after May 6, 1998: (1) the 2000 memorandum addressed to the corporation, which, even if it demonstrated continuous representation, would not toll the three year statute for a sufficient period of time to allow the 2006 action and (2) the 2003 letter informing the plaintiff that he might bring his own counsel to a shareholder meeting, *a letter to which the defendants were not parties*.[6] It is impossible to conclude that the defendants represented the plaintiff, in any capacity, between 1998 and 2003, notwithstanding that they sent the 2000 memorandum *to the corporation* and were *mentioned* in the 2003 letter. See *Bagoly* v. *Riccio*, 102 Conn. App. 792, 798, 927 A.2d 950, cert. denied, 284 Conn. 931, 934 A.2d 245 (2007). The continuous representation doctrine, therefore, is not available to the plaintiff. Accordingly, the plaintiff's first claim fails.

## II

The plaintiff's second claim is that a genuine issue of material fact exists as to whether the statute of limitations was tolled in this case by the continuous course of conduct doctrine. "The question of whether a party's claim is barred by the statute of limitations is a question of law, which this court reviews de novo. . . . The

---

[6] We also note that the 2003 letter states that "[y]ou will find enclosed with this letter a Notice of Special Meeting of the Stockholders [of the corporation] . . . at which we will consider the termination of your employment . . . . This Notice addresses, in part, the objections raised by *your counsel* to the Notice previously provided to you concerning [an earlier meeting]." (Emphasis added.)

issue, however, of whether a party engaged in a continuing course of conduct that tolled the running of the statute of limitations is a mixed question of law and fact. . . . We defer to the trial court's findings of fact unless they are clearly erroneous. . . .

"[Section] § 52-577 is a statute of repose in that it sets a fixed limit after which the tortfeasor will not be held liable and in some cases will serve to bar an action before it accrues. . . . Nonetheless, [w]hen the wrong sued upon consists of a continuing course of conduct, the statute does not begin to run until that course of conduct is completed. . . . [I]n order [t]o support a finding of a continuing course of conduct that may toll the statute of limitations there must be evidence of the breach of a duty that remained in existence after commission of the original wrong related thereto. That duty must not have terminated prior to commencement of the period allowed for bringing an action for such wrong. . . . Where [our Supreme Court has] upheld a finding that a duty continued to exist after the cessation of the act or omission relied upon, there has been evidence of either a special relationship between the parties giving rise to such a continuing duty or some later wrongful conduct of a defendant related to the prior act. . . . Thus, there must be a determination that a duty existed and then a subsequent determination of whether that duty is continuing." (Citation omitted; internal quotation marks omitted.) *Stuart* v. *Snyder*, 125 Conn. App. 506, 510–11, 8 A.3d 1126 (2010).

"There is no tolling of statutes of limitation[s] in either tort or contract actions for the failure of an attorney to tell a client that a document drafted by the attorney could be inaccurate because, once the representation of the client is complete and the document executed, any warning would be ineffective. . . . The doctrine of continuing course of conduct as used to

toll a statute of limitations is better suited to claims where the situation keeps evolving after the act complained of is complete, such as medical malpractice, rather than one where the situation cannot change, such as legal malpractice arising from negligent drafting of the written word." (Citation omitted.) *Sanborn* v. *Greenwald*, 39 Conn. App. 289, 297–98, 664 A.2d 803, cert. denied, 235 Conn. 925, 666 A.2d 1186 (1995).

With regard to the continuing course of conduct doctrine, our review is informed by our decision in *Sanborn* v. *Greenwald*, supra, 39 Conn. App. 289. In *Sanborn*, the defendant attorney had drafted a modification to a divorce judgment, the modification was approved by the court in 1985, and, with the exception of testifying at a contempt proceeding, the defendant had no other contact with the plaintiff, who had hired another attorney. Id., 290–92. Approximately seven years after the court approved the modification, the plaintiff served the complaint. Id., 293–94. This court concluded that the continuing course of conduct doctrine did not apply because there was no continuing duty owed to the plaintiffs after the drafting and approval of the modification where the defendant did not engage in any affirmative conduct initiated by him after 1985, made no promises after the initial drafting that he would perform tasks in the future, had no knowledge that the drafting was negligent and was not capable of mitigation once the document was executed. Id., 297–98.

We agree with the trial court that, analogous to *Sanborn*, in the present case, "the plaintiff has not produced any evidence of an evolving situation of the kind that the continuing course of conduct doctrine is meant to address." The plaintiff offered the 1997 cover letter, the 2000 memorandum and the 2003 letter, none of which suggests a continuing duty owed by the defendants to the plaintiff, and each fails to raise any genuine issue of material fact as to whether the statute of limitations

was tolled by the continuing course of conduct doctrine. Indeed, the record is bereft of any support for the plaintiff's contention that the defendants owed a continuing duty to the plaintiff after 1998 such that the continuing course of conduct doctrine would toll the statute of limitations. Accordingly, the court properly granted the defendants' motion for summary judgment.

The judgment is affirmed.

In this opinion the other judges concurred.