JONATHAN STUART ET AL. *v.* PETER G. SNYDER
(AC 31486)

Gruendel, Harper and Mihalakos, Js.

Argued October 19—officially released December 14, 2010

*Sandra J. Akoury*, for the appellants (plaintiffs).

*Gerard N. Saggese III*, with whom, on the brief, was *James A. Fulton*, for the appellee (defendant).

*Opinion*

GRUENDEL, J. The plaintiffs, Jonathan A. Stuart and William Stuart, appeal from the summary judgment rendered by the trial court in favor of the defendant, Peter G. Snyder, on the ground that their action is barred by General Statutes § 52-577.[1] On appeal, the plaintiffs claim that summary judgment was improper because there are genuine issues of material fact as to whether the statute of limitations was tolled by both the continuing course of conduct doctrine and the defendant's allegedly fraudulent concealment of the plaintiffs' cause

---

[1] General Statutes § 52-577 provides: "No action founded upon a tort shall be brought but within three years from the date of the act or omission complained of."

of action under General Statutes § 52-595.[2] We disagree and, accordingly, affirm the judgment of the trial court.

The following facts and procedural history are relevant to the resolution of this appeal. The plaintiffs and their brother, Kenneth J. Stuart, Jr. (Stuart, Jr.), are the only children and heirs of Kenneth J. Stuart (Stuart, Sr.).[3] In 1991, Stuart, Sr., established an estate plan, including the creation of a trust and the execution of a will that, upon his death, would have distributed his assets equally among the plaintiffs and Stuart, Jr. Stuart, Jr., was named as trustee of the trust and executor of the will, and from 1992 until 2002, the defendant worked as an attorney representing Stuart, Jr., personally, and the estate and trust of Stuart, Sr.

In 1993, the plaintiffs brought an action against Stuart, Jr., individually and as trustee of the trust and executor of the estate, claiming that he had misappropriated various properties from the Stuart estate to his own benefit without their consent in contravention of Stuart, Sr.'s will and estate plan.[4] Thereafter, on April 12, 2006, the plaintiffs filed this tort action against the defendant, claiming that he provided legal assistance to Stuart, Jr., in unlawfully converting estate assets. On March 9, 2009, the defendant filed a motion for summary judgment, asserting that the plaintiffs' action was barred by the applicable three year statute of limitations set forth in § 52-577.[5] In support of his motion, the defendant

[2] General Statutes § 52-595 provides: "If any person, liable to an action by another, fraudulently conceals from him the existence of the cause of such action, such cause of action shall be deemed to accrue against such person so liable therefor at the time when the person entitled to sue thereon first discovers its existence."

[3] Stuart, Sr., died on February 27, 1993.

[4] For a detailed account of the factual circumstances underlying the plaintiffs' action against Stuart, Jr., see *Stuart* v. *Stuart*, Superior Court, judicial district of Stamford-Norwalk, Docket No. X08-CV-02-0193031-S (June 28, 2004) (37 Conn. L. Rptr. 367).

[5] The plaintiffs do not dispute that this case is governed by § 52-577.

filed affidavits and other documents, including billing records, demonstrating that the last time he provided any legal services to Stuart, Jr., or the Stuart estate was February 5, 2003. Thus, as argued by the defendant, February 5, 2003, represents the latest possible date that any of the alleged wrongful conduct could have occurred, and because service of process was not made on the defendant until March 24, 2006, the plaintiffs' claims were barred by § 52-577. The plaintiffs did not offer any evidence to contradict the defendant's assertion that none of the alleged tortious actions occurred after February 5, 2003.[6] Rather, they argued that the statute of limitations was tolled by the continuing course of conduct doctrine, as well as the defendant's fraudulent concealment of their cause of action. On August 25, 2009, in a memorandum of decision, the court concluded that the defendant had sustained his burden of proof as to the lack of a material question of fact regarding the expiration of the three year statute of limitations. Additionally, the court concluded that neither of the tolling doctrine exceptions asserted by the plaintiffs were applicable. This appeal followed.

Before addressing the plaintiffs' specific claims, we note the well settled legal principles governing a motion for summary judgment. "[T]he nonmoving party [in a summary judgment motion] has no obligation to submit documents establishing the existence of [a genuine issue of material fact in the first instance]. . . . Once the moving party has met its burden [of showing that there is no genuine issue of material fact], however, the [nonmoving] party must present evidence that demonstrates the existence of some disputed factual issue." (Internal quotation marks omitted.) *Boone* v. *William*

---

[6] The plaintiffs' counsel conceded during oral argument in this case that service of process was made on the defendant outside of the three year statute of limitations period and that the principal issue on appeal was the applicability of the tolling doctrines.

*W. Backus Hospital*, 272 Conn. 551, 558, 864 A.2d 1 (2005).

In the present case, the plaintiffs claim that the court improperly granted the defendant's motion for summary judgment because there are genuine issues of material fact both as to the applicability of the continuing course of conduct doctrine and the defendant's fraudulent concealment of the plaintiffs' cause of action under § 52-595. We address each of these claims in turn.

I

The plaintiffs first claim that a genuine issue of material fact exists as to whether the statute of limitations was tolled in this case by the continuing course of conduct doctrine. We disagree.

"The question of whether a party's claim is barred by the statute of limitations is a question of law, which this court reviews de novo. . . . The issue, however, of whether a party engaged in a continuing course of conduct that tolled the running of the statute of limitations is a mixed question of law and fact. . . . We defer to the trial court's findings of fact unless they are clearly erroneous. . . .

"General Statutes § 52-577 is a statute of repose in that it sets a fixed limit after which the tortfeasor will not be held liable and in some cases will serve to bar an action before it accrues. . . . Nonetheless, [w]hen the wrong sued upon consists of a continuing course of conduct, the statute does not begin to run until that course of conduct is completed. . . . [I]n order [t]o support a finding of a continuing course of conduct that may toll the statute of limitations there must be *evidence* of the breach of a duty that remained in existence after commission of the original wrong related thereto. That duty must not have terminated prior to commencement of the period allowed for bringing an

action for such wrong. . . . Where [our Supreme Court has] upheld a finding that a duty continued to exist after the cessation of the act or omission relied upon, there has been *evidence* of either a special relationship between the parties giving rise to such a continuing duty or some later wrongful conduct of a defendant related to the prior act." (Citation omitted; emphasis added; internal quotation marks omitted.) *Vanliner Ins. Co.* v. *Fay*, 98 Conn. App. 125, 139–40, 907 A.2d 1220 (2006). "Thus, there must be a determination that a duty existed and then a subsequent determination of whether that duty is continuing." *Watts* v. *Chittenden*, 115 Conn. App. 404, 412, 972 A.2d 770, cert. granted on other grounds, 293 Conn. 932, 981 A.2d 1077 (2009).

Here, the plaintiffs maintain that the defendant, because of his service as attorney for the estate and trust of Stuart, Sr., owed them a duty as beneficiaries and that this duty continued beyond February 5, 2003, given the defendant's "special relationship" with the plaintiffs. Even if we assume arguendo, however, that the defendant did owe the plaintiffs a duty when he served as the attorney for the estate of Stuart, Sr.,[7] "[m]any of the alleged wrongdoings by the defendant [in the present case] occurred during the pendency of the [initial] civil trial against Stuart, Jr. [in 1994]." As the court explained in its memorandum of decision, "[c]learly the relationship between the plaintiffs and the defendant was adversarial" at the time of the initial trial against Stuart, Jr., and "any suggestion that the defendant . . . owed a duty to the plaintiffs [at this time] runs counter to the duty which he owed to the estate of Stuart, Sr., and to Stuart, Jr., his actual clients

---

[7] We decline to elaborate further on the nature of the duty that the defendant, as attorney for the estate of Stuart, Sr., owed the plaintiffs as beneficiaries under the estate plan. For purposes of this appeal, it is sufficient to accept as true the plaintiffs' contention that the defendant did indeed owe the plaintiffs a duty, as this duty did not continue so as to toll the statute of limitations.

and [the] defendants [in the initial trial]." As such, "[a]ny duty the defendant might conceivably have owed to the plaintiffs at some previous time certainly terminated as his duty of representation towards the Stuart estate and Stuart, Jr., caused conflicting obligations." Furthermore, the plaintiffs have offered no evidence whatsoever to refute the defendant's claim that no possible wrongdoing occurred after February 5, 2003. Even if the defendant were deemed to owe a duty to the plaintiffs as beneficiaries of the will, any such duty did not continue past the time period set forth in § 52-577. Therefore, the plaintiffs have failed to rebut the defendant's showing that no genuine issue of material fact exists as to whether the statute of limitations was tolled by the continuing course of conduct doctrine. See *Boone* v. *William W. Backus Hospital*, supra, 272 Conn. 559 ("It is not enough . . . for the opposing party merely to assert the existence of . . . a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court under Practice Book § [17-45]." [Internal quotation marks omitted.]); *2830 Whitney Avenue Corp.* v. *Heritage Canal Development Associates, Inc.*, 33 Conn. App. 563, 567, 636 A.2d 1377 (1994) ("[t]he existence of the genuine issue of material fact must be demonstrated by counteraffidavits and concrete *evidence*" [emphasis added]). Accordingly, the plaintiffs' claim fails.

## II

The plaintiffs next claim that a genuine issue of material fact exists as to whether the defendant fraudulently concealed the plaintiffs' cause of action such that the statute of limitations was tolled by application of § 52-595. We are not persuaded.

"Our Supreme Court has stated that [t]o establish that the [defendant] had fraudulently concealed the existence of [the plaintiff's] cause of action and so had

tolled the statute of limitations, the [plaintiff] had the burden of proving that the [defendant was] aware of the facts necessary to establish [the] cause of action . . . and that [the defendant] had intentionally concealed those facts from the [plaintiff]. . . . [Additionally], the [defendant's] actions must have been directed to the very point of obtaining the delay [in filing the action] of which [the defendant] afterward [seeks] to take advantage by pleading the statute. . . . To meet this burden, it [is] not sufficient for the [plaintiff] to prove merely that it was more likely than not that the [defendant] had concealed the cause of action. Instead, the [plaintiff must] prove fraudulent concealment by the more exacting standard of clear, precise and unequivocal *evidence* . . . ." (Emphasis added; internal quotation marks omitted.) *Byrne* v. *Burke*, 112 Conn. App. 262, 272, 962 A.2d 825, cert. denied, 290 Conn. 923, 966 A.2d 235 (2009).

Here, the defendant submitted affidavits and other evidence documenting his relationship with the plaintiffs in support of his motion for summary judgment. In response, the plaintiffs merely assert that issues of fact exist but have failed to present any evidence that a question of material fact exists as to whether the defendant fraudulently concealed the present cause of action. See *Boone* v. *William W. Backus Hospital*, supra, 272 Conn. 559 ("[m]ere assertions of fact . . . are insufficient to establish the existence of a material fact" [internal quotation marks omitted]). As the plaintiffs have failed to overcome the defendant's showing that no genuine issue of material fact exists as to whether the defendant fraudulently concealed the plaintiffs' cause of action, we cannot say that summary judgment was improper in this case. Accordingly the plaintiffs' claim is without merit.

The judgment is affirmed.

In this opinion the other judges concurred.