JOHN D. FLANNERY *v.* SINGER ASSET
FINANCE COMPANY, LLC, ET AL.
(AC 31285)

DiPentima, C. J., and Robinson and Bear, Js.

508

Argued February 10—officially released May 10, 2011

*Thomas P. Willcutts*, for the appellant (plaintiff).

*Eliot B. Gersten*, with whom, on the brief, was *John H. Van Lenten*, for the appellee (named defendant).

*Opinion*

BEAR, J. The plaintiff, John D. Flannery,[1] appeals from the summary judgment rendered by the trial court

---

[1] We note that counsel informed this court at oral argument that the correct spelling of the plaintiff's last name is Flanery. We will refer to the plaintiff as John D. Flannery in conformity with the pleadings and the judgment file for purposes of this opinion.

in favor of the defendant Singer Asset Finance Company, LLC.[2] On appeal, the plaintiff claims that the court improperly rendered summary judgment after it determined that the plaintiff's claims were barred by the applicable statutes of limitations. We affirm the judgment of the trial court.

The following facts, as set forth in the plaintiff's complaint, which effectively were uncontested for purposes of the motion for summary judgment, and procedural history are relevant to our resolution of this appeal. In 1988, the plaintiff won the Iowa state lottery in a gross amount of $3,000,000, which was to be paid in twenty annual installments of $150,000. The defendant was engaged in the business of, inter alia, purchasing the installment payments of lottery winners by means of providing those winners with lump sum payments. Prior to March, 1999, the defendant had contacted the plaintiff numerous times in unsuccessful attempts to convince him to sell his lottery installments for a discounted lump sum payment. Prior to March 23, 1999, the defendant entered into a business relationship with attorney Glenn MacGrady for the purpose of having MacGrady provide what was purported to be independent professional advice to lottery winners. This purported independent professional advice, however, actually was based on a marketing scheme developed by the defendant to induce lottery winners to sell their installment payments to it by falsely advising them that they could gain significant tax advantages. In furtherance of this business relationship, the defendant arranged for MacGrady to communicate with the plaintiff in an attempt

---

[2] Attorney Glenn MacGrady and Pepe & Hazard, LLP, also were defendants in this case. Partial summary judgment was rendered in their favor on June 18, 2009, and the plaintiff, thereafter, withdrew all remaining claims against these defendants. Accordingly, MacGrady and Pepe & Hazard, LLP, are not parties to this appeal. We will refer only to Singer Asset Finance Company, LLC, as the defendant for purposes of this opinion.

to induce him through these false tax benefit represen-
tations to sell his installment payments to the defendant
for a discounted lump sum payment.

On March 23, 1999, the plaintiff entered into a retainer
agreement with MacGrady's law firm, Pepe & Hazard,
LLP (Pepe & Hazard), whereby MacGrady and Pepe &
Hazard promised to provide independent legal advice
to the plaintiff, thereby creating a fiduciary attorney-
client relationship.[3] MacGrady, in advancing the market-
ing scheme of the defendant, then convinced the plain-
tiff that he would experience substantial tax benefits
if he sold his installment payments to the defendant for
a discounted lump sum payment. This tax information,
however, was false and erroneous. Relying on MacGra-
dy's advice, the plaintiff eventually sold his eight
remaining installment payments, valued at $1,200,000,
to the defendant for a discounted rate of $868,500.
Thereafter, in conformance with the tax advice of Mac-
Grady, which had been based on the defendant's mar-
keting scheme, the plaintiff filed a 1999 tax return listing
the full amount of the lump sum payment as the sale
of a capital asset, paying only the capital gains tax rate
on the amount. In October, 2002, the Internal Revenue
Service notified the plaintiff that it did not agree with
his treatment of the lump sum payment, and it con-
cluded that the plaintiff had a tax deficiency of $163,523.

The plaintiff contacted MacGrady, who, in further-
ance of his business relationship with the defendant,
continued to maintain the correctness of the tax advice.
MacGrady encouraged the plaintiff to join a group of

---

[3] The plaintiff points out: "It is worth repeating in this public document
that the evidence supports the conclusion that the law firm of Pepe &
Hazard, at the time inexperienced in the tax matters, was not specifically
aware of what attorney MacGrady was up to with [the defendant]. That
when the law firm became aware of what its employee was doing with [the
defendant] that it put a stop to it and soon after discharged MacGrady."

similarly situated lottery winners who also were challenging the Internal Revenue Service's treatment of their lump sum payments, which group the plaintiff joined. Throughout this entire time, from 1999 through 2002, MacGrady never disclosed to the plaintiff his business relationship with the defendant, nor did the defendant disclose to the plaintiff its relationship with MacGrady.

On July 22, 2005, the plaintiff brought the present action, claiming in relevant part that the conduct of the defendant amounted to (1) aiding and abetting in the breach of a fiduciary duty[4] and (2) a violation of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a et seq.[5] In its answer to the complaint, the defendant set forth two special defenses, namely, statutes of limitations and waiver. The plaintiff denied the special defenses and pleaded, by way of avoidance as to the statutes of limitations defenses, estoppel and fraudulent concealment.[6] After considerable discovery, the defendant filed a motion for summary judgment. The plaintiff opposed the motion for summary judgment and also filed a Practice Book § 17-47 affidavit.[7] The court granted the defendant's motion

[4] For purposes of this appeal, we assume, without deciding, that Connecticut recognizes an action for aiding and abetting in the breach of a fiduciary duty. See *Efthimiou* v. *Smith*, 268 Conn. 499, 504–507, 846 A.2d 222 (2004) (discussing claim of aiding and abetting in breach of fiduciary duty).

[5] There were other counts in the complaint directed toward MacGrady and Pepe & Hazard that are not relevant to this appeal. See footnote 2 of this opinion.

[6] The plaintiff's pleading in avoidance provided: "The defendant aided and abetted a fiduciary in concealing from the plaintiff and/or failing to make proper disclosures to the plaintiff of the wrongdoing set forth in the plaintiff's [c]omplaint that gives rise to the plaintiff's causes of action and as a result is barred and estopped from asserting statute of limitations defenses. The defendant fraudulently concealed from the plaintiff its wrongdoing set forth in the plaintiff's complaint that gives rise to the plaintiff's causes of action in violation of [General Statutes] § 52-595 and as a result is barred from asserting statute of limitations defenses."

[7] Practice Book § 17-47 provides: "Should it appear from the affidavits of a party opposing the motion that such party cannot, for reasons stated,

for summary judgment on June 30, 2009. This appeal followed.

Initially, we set forth our standard of review. "Practice Book § 17-49 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party moving for summary judgment has the burden of showing the absence of any genuine issue of material fact and that the party is . . . entitled to judgment as a matter of law. . . . The test is whether the party moving for summary judgment would be entitled to a directed verdict on the same facts. . . .

"[A] party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . . It is not enough . . . for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of [an issue of] material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]. . . . Our review of the trial court's decision to grant the defendant's motion for summary judgment is plenary." (Citation omitted; internal quotation marks omitted.) *Cadlerock Joint Venture II, L.P.* v. *Milazzo*, 287 Conn. 379, 390, 949 A.2d 450 (2008). "Summary judgment may be granted where the claim is barred by the statute of

present facts essential to justify opposition, the judicial authority may deny the motion for judgment or may order a continuance to permit affidavits to be obtained or discovery to be had or may make such other order as is just."

limitations." *Doty* v. *Mucci*, 238 Conn. 800, 806, 679 A.2d 945 (1996).

"Although allowing a statute of limitations defense may result in meritorious claims being foreclosed, that must be so. A statute of limitations promotes two important interests: (1) it reflects a policy of law, as declared by the legislature, that after a given length of time a [defendant] should be sheltered from liability and furthers the public policy of allowing people, after the lapse of a reasonable time, to plan their affairs with a degree of certainty, free from the disruptive burden of protracted and unknown potential liability . . . and (2) to avoid the difficulty in proof and record keeping which suits involving older [claims] impose." (Internal quotation marks omitted.) *Piteo* v. *Gottier*, 112 Conn. App. 441, 450, 963 A.2d 83 (2009).

On appeal, the plaintiff claims that the court improperly concluded that the applicable statutes of limitations were not tolled by the continuing course of conduct doctrine or by the doctrine of fraudulent concealment. We are not persuaded.

The plaintiff pleaded two counts against the defendant, namely, aiding and abetting in the breach of a fiduciary duty and a violation of CUTPA. "Breach of fiduciary duty is a tort action governed by the three year statute of limitations contained within General Statutes § 52-577." *Ahern* v. *Kappalumakkel*, 97 Conn. App. 189, 192 n.3, 903 A.2d 266 (2006). A CUTPA claim also is subject to a three year statute of limitations. General Statutes § 42-110g (f). The plaintiff claims on appeal that the applicable statutes of limitations were tolled in this case by the continuing course of conduct doctrine or by the doctrine of fraudulent concealment.

"[W]hen the wrong sued upon consists of a continuing course of conduct, the statute does not begin to run until that course of conduct is completed. . . . [I]n

order [t]o support a finding of a continuing course of conduct that may toll the statute of limitations there must be evidence of the breach of a duty that remained in existence after commission of the original wrong related thereto. That duty must not have terminated prior to commencement of the period allowed for bringing an action for such wrong. . . . Where [our Supreme Court has] upheld a finding that a duty continued to exist after the cessation of the act or omission relied upon, there has been evidence of either a special relationship between the parties giving rise to such a continuing duty or some later wrongful conduct of a defendant related to the prior act. . . . Thus, there must be a determination that a duty existed and then a subsequent determination of whether that duty is continuing." (Citation omitted; internal quotation marks omitted.) *Stuart* v. *Snyder*, 125 Conn. App. 506, 510–11, 8 A.3d 1126 (2010).

Although we agree with the plaintiff that the continuing course of conduct doctrine can toll the statute of limitations set forth in § 52-577, we also agree with the trial court that the plaintiff did not invoke this doctrine either in his complaint or in his pleading in avoidance. See Practice Book § 10-57 (a "[m]atter in avoidance of affirmative allegations in an answer or counterclaim shall be specially pleaded in the reply"). As we stated in *Beckenstein Enterprises-Prestige Park, LLC* v. *Keller*, 115 Conn. App. 680, 688, 974 A.2d 764, cert. denied, 293 Conn. 916, 979 A.2d 488 (2009), "the continuing course of conduct doctrine is a matter that must be pleaded in avoidance of a statute of limitations special defense." Furthermore, as to the plaintiff's CUTPA claim, our Supreme Court has stated that the continuing course of conduct doctrine does not toll the three year statute of limitations set forth in § 42-110g (f). See *Fichera* v. *Mine Hill Corp.*, 207 Conn. 204, 216–17, 541

A.2d 472 (1988). Accordingly, the court properly found this doctrine inapplicable.

The plaintiff also claims that the applicable statutes of limitations were tolled by the doctrine of fraudulent concealment pursuant to General Statutes § 52-595.[8] He argues that MacGrady was acting as an agent of the defendant when he sought out the plaintiff and encouraged him to take advantage of the opportunity to sell his lottery payments for a lump sum to the defendant by use of the deceptive marketing scheme developed by the defendant, namely, the false tax advice. He also argues that the defendant instructed MacGrady to keep MacGrady's relationship with the defendant confidential. Such active concealment of their relationship, the plaintiff argues, is "the legal equivalent of active fraud." The defendant argues that the plaintiff failed to establish any facts that the defendant knew about the alleged dual representation by MacGrady, and, even if it did know, the plaintiff also failed to present any facts concerning any independent and affirmative acts of concealment by the defendant separate and apart from the alleged initial fraudulent conduct. Without disputed material facts, the defendant argues, the court properly rendered judgment as a matter of law on its statutes of limitations defense. We agree with the defendant.

"[I]t is well established that ignorance of the fact that damage has been done does not prevent the running of the statute [of limitations], except where there is something tantamount to a fraudulent concealment of a cause of action." (Internal quotation marks omitted.) *Rosenfield* v. *I. David Marder & Associates, LLC*, 110 Conn. App. 679, 685, 956 A.2d 581 (2008). To prove

---

[8] General Statutes § 52-595 provides: "If any person, liable to an action by another, fraudulently conceals from him the existence of the cause of such action, such cause of action shall be deemed to accrue against such person so liable therefor at the time when the person entitled to sue thereon first discovers its existence."

fraudulent concealment, a plaintiff must demonstrate that the defendant: (1) had actual awareness, rather than imputed knowledge, of the facts necessary to establish the cause of action, (2) intentionally concealed those facts from the plaintiff and (3) concealed those facts for the purpose of obtaining delay on the part of the plaintiff in filing a cause of action against the defendant. *Falls Church Group, Ltd.* v. *Tyler, Cooper & Alcorn, LLP*, 281 Conn. 84, 105, 912 A.2d 1019 (2007). "Our Supreme Court has stated that [t]o establish that the [defendant] had fraudulently concealed the existence of [the plaintiff's] cause of action and so had tolled the statute of limitations, the [plaintiff] had the burden of proving that the [defendant was] aware of the facts necessary to establish [the] cause of action . . . and that [the defendant] had intentionally concealed those facts from the [plaintiff]. . . . [Additionally], the [defendant's] actions must have been directed to the very point of obtaining the delay [in filing the action] of which [the defendant] afterward [seeks] to take advantage by pleading the statute." (Internal quotation marks omitted.) *Stuart* v. *Snyder*, supra, 125 Conn. App. 512–13.

The plaintiff argues that the defendant wrongly suggests that the plaintiff bore the burden of proof on his pleading in avoidance. Rather, he argues, the defendant, who was the movant in this case, needed to produce an affidavit to challenge the plaintiff's pleading in avoidance of the statutes of limitations defense. The defendant argues that before it had any obligation to rebut the plaintiff's pleading in avoidance, the plaintiff was required to offer proof in support of his pleading, and he failed to do so, thereby rendering summary judgment appropriate because there were no disputed issues of material fact and it was entitled to judgment as a matter of law, the applicable statutes of limitations having run on the plaintiff's causes of action.

"Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." (Citation omitted; internal quotation marks omitted.) *Connell* v. *Colwell*, 214 Conn. 242, 246, 571 A.2d 116 (1990). "The party opposing summary judgment must present a factual predicate for his argument to raise a genuine issue of fact." (Internal quotation marks omitted.) *Weiner* v. *Clinton*, 106 Conn. App. 379, 386, 942 A.2d 469 (2008).

In his pleading in avoidance, the plaintiff alleged in relevant part that "[t]he defendant fraudulently concealed from the plaintiff its wrongdoing set forth in the plaintiff's complaint that gives rise to the plaintiff's causes of action in violation of . . . § 52-595 and as a result is barred from asserting statute of limitations defenses." We agree with the defendant's contention that the plaintiff failed to allege the necessary facts to avoid the application of §§ 52-577 and 42-110g (f). Additionally, even if we viewed the plaintiff's pleading broadly, the plaintiff failed to present a factual predicate to raise a genuine issue of material fact. See *Weiner* v. *Clinton*, supra, 106 Conn. App. 386. The plaintiff merely alleges in his pleading in avoidance that the defendant had fraudulently concealed its wrongdoing. There is no allegation, nor is there a factual predicate, to establish that the defendant had fraudulently concealed *the existence of the plaintiff's causes of action* with the intention of delaying the plaintiff in filing the action. See *Stuart* v. *Snyder*, supra, 125 Conn. App. 512–13; with respect to the plaintiff's CUTPA claim, see also *Bartone* v. *Robert L. Day Co.*, 232 Conn. 527, 532 n.4, 656 A.2d 221 (1995) ("[b]ecause we conclude that the plaintiffs have failed to prove fraudulent concealment, we need

not consider their contention that, despite our decision in *Fichera* v. *Mine Hill Corp.*, [supra, 207 Conn. 215–17], the statute of limitations contained in CUTPA; General Statutes § 42-110g [f]; may be avoided by proof of such fraudulent concealment").

On the basis of the foregoing, we conclude that the applicable statutes of limitations had not been tolled by the actions of the defendant. Accordingly, the court properly granted the defendant's motion for summary judgment.

The judgment is affirmed.

In this opinion the other judges concurred.