******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************

ELIZABETH CARSON, TRUSTEE *v.* ALLIANZ
LIFE INSURANCE COMPANY
OF NORTH AMERICA
(AC 39217)

DiPentima, C. J., and Elgo and Beach, Js.

*Syllabus*

The plaintiff sought to recover damages for, inter alia, conversion in connection with the alleged theft of certain annuities by the defendant insurance company's agent, F. After the plaintiff's initial action was dismissed for failure to prosecute with reasonable diligence, the plaintiff filed another action, based on the same allegations, under the accidental failure of suit statute (§ 52-592). The trial court granted the defendant's motion for summary judgment and rendered judgment thereon, concluding that, because the plaintiff's original action was time barred under the applicable three year statute of limitations, it could not be revived under the accidental failure of suit statute. The plaintiff appealed to this court, claiming, inter alia, that the trial court incorrectly concluded that there was no genuine issue of material fact as to whether her action was barred by the applicable statute of limitations. The plaintiff specifically contended that the statute of limitations should have been tolled because F fraudulently concealed certain facts that were necessary to establish the plaintiff's cause of action against the defendant. *Held*:

1. The plaintiff failed to establish a genuine issue of material fact as to whether the applicable statute of limitations was tolled on the basis of F's allegedly fraudulent concealment, and, accordingly, the trial court properly granted the defendant's motion for summary judgment; the record revealed no evidence of the defendant's alleged concealment or knowledge of any purported fraud or misconduct by F, there was no evidence in the record of a fiduciary relationship between the plaintiff and the defendant, and F's alleged acts of fraudulent concealment could not serve to toll the statute of limitations under the fraudulent concealment doctrine, as F's acts could not be imputed to the defendant.

2. The plaintiff could not prevail on her claim that the trial court improperly granted the defendant's motion for summary judgment on the ground that the continuing course of conduct doctrine tolled the applicable statute of limitations; the plaintiff failed to establish a genuine issue of material fact as to whether the defendant had a fiduciary duty to the plaintiff such that the continuing course of conduct doctrine would toll the statute of limitations, as the plaintiff failed to offer any support that her relationship with the defendant was anything more than one involving a commercial transaction, and failed to offer any evidence of a unique degree of trust and confidence between them that was akin to a fiduciary or special relationship.

Argued March 15—officially released August 21, 2018

*Procedural History*

Action to recover damages for, inter alia, conversion, and for other relief, brought to the Superior Court in the judicial district of Hartford, where the court, *Peck, J.*, granted the defendant's motion for summary judgment and rendered judgment thereon, from which the plaintiff appealed to this court. *Affirmed.*

*Michael J. Habib*, for the appellant (plaintiff).

*Michael A. Valerio*, with whom, on the brief, were *Jonathan C. Sterling* and *John W. Herrington*, for the appellee (defendant).

*Opinion*

ELGO, J. The plaintiff, Elizabeth Carson, Trustee,[1] appeals from the summary judgment rendered by the trial court in favor of the defendant, Allianz Life Insurance Company of North America. On appeal, the plaintiff claims that the trial court improperly concluded that there was no genuine issue of material fact as to whether her action was barred by the applicable statute of limitations. Specifically, the plaintiff argues that fraudulent concealment on the part of the defendant's agent, David Faubert, and the continuing course of conduct doctrine tolled the applicable statute of limitations. We affirm the judgment of the trial court.

The following facts and procedural history, as set forth by the trial court in its memorandum of decision, are relevant to the plaintiff's claims on appeal. "In the original lawsuit, commenced on March 25, 2008, [the plaintiff] sued the [defendant] and David Faubert, [claiming] damages based on allegations of conversion, fraud, violation of the Connecticut Unfair Trade Practices Act (CUTPA), and negligence.[2] On March 21, 2011, that action, *Carson* v. *Allianz Life Ins. Co. of North America*, CV-08-5018876-S, was dismissed by the court, *Graham, J.*, in accordance with Practice Book § 14-3 for failure to prosecute with reasonable diligence. On August 2, 2011, the [trial court] sustained the defendant's objection to the plaintiff's motion to open the judgment of dismissal. On March 21, 2012, the plaintiff served [the defendant] [in] the present [action] utilizing [General Statutes] § 52-592, the accidental failure of suit statute.[3] The allegations of the [present] action are the same as the initial action except for the exclusion of David Faubert as a defendant." (Footnotes added.)

The defendant filed a motion for summary judgment on December 18, 2014, claiming that the plaintiff's previously dismissed action could not be revived by § 52-592, because the dismissal did not fall within the remedial scope of the statute and the plaintiff's claims in the original action were time barred. In asserting that the plaintiff's action was time barred, the defendant argued that (1) any wrongful conduct of fraudulent concealment by Faubert may not be imputed to the defendant to toll the statute of limitations, (2) even if there is a basis for imputing Faubert's conduct to the defendant, the wrongful conduct concluded on March 22, 2005, and (3) the provisions of § 52-592, which limit actions to those commenced within the time limited by law, do not encompass equitable tolling. In her opposition, the plaintiff refuted these claims and argued that the applicable limitations period should be tolled until the time that she discovered Faubert's misconduct. The plaintiff cited to the "Agent Agreement" between the defendant and Faubert, submitted by the defendant, as evidence of a "special relationship" between the plaintiff and Faubert.[4] The plaintiff also argued that Faubert

was an agent of the defendant, rendering the defendant vicariously liable for his misconduct.[5]

On September 17, 2015, in its memorandum of decision, the court granted the defendant's motion for summary judgment and concluded that the plaintiff's original action was time barred, and therefore could not be revived by § 52-592.[6] As to whether the statute of limitations was tolled based on the theory of fraudulent concealment, the court stated, "[a]ssuming arguendo that [Faubert] fraudulently concealed the facts necessary to establish the plaintiff's cause of action delaying the complaint, and this wrongful conduct was imputed to the defendant, any fraudulent concealment by [Faubert] ended on March 22, 2005, when he confessed his actions to law enforcement."

As to the continuing course of conduct doctrine, the court stated, "[e]ven assuming for the purpose of this motion for summary judgment that [Faubert] did have a fiduciary relationship with the plaintiff in a professional capacity, that relationship ended no later than March 22, 2005. [Faubert] ceased acting in any professional capacity for, or with any fiduciary relationship toward, the plaintiff as of March 22, 2005, when he confessed his wrongful conduct against the plaintiff to law enforcement and was arrested. The plaintiff has not provided evidence to create a genuine issue of material fact in relation to any wrongful acts or omissions of the defendant or [Faubert] after March 22, 2005, and thus, the statute of limitations began to run as of that date." Accordingly, the court rendered summary judgment in favor of the defendant, and this appeal followed.

As a preliminary matter, we set forth our standard of review. "Practice Book § 17-49 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party moving for summary judgment has the burden of showing the absence of any genuine issue of material fact and that the party is . . . entitled to judgment as a matter of law. . . . The test is whether the party moving for summary judgment would be entitled to a directed verdict on the same facts. . . .

"[A] party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . . It is not enough . . . for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of [an issue of] material fact and, therefore, cannot refute evidence properly presented to the court

[in support of a motion for summary judgment]. . . . Our review of the trial court's decision to grant the defendant's motion for summary judgment is plenary." (Internal quotation marks omitted.) *Flannery* v. *Singer Asset Finance Co., LLC*, 128 Conn. App. 507, 512, 17 A.3d 509 (2011), aff'd, 312 Conn. 286, 94 A.3d 553 (2014). "[I]n the context of a motion for summary judgment based on a statute of limitations special defense, a defendant typically meets its initial burden of showing the absence of a genuine issue of material fact by demonstrating that the action had commenced outside of the statutory limitation period. . . . When the plaintiff asserts that the limitations period has been tolled by an equitable exception to the statute of limitations, the burden normally shifts to the plaintiff to establish a disputed issue of material fact in avoidance of the statute." (Internal quotation marks omitted.) *Flannery* v. *Singer Asset Finance Co., LLC*, 312 Conn. 286, 310, 94 A.3d 553 (2014).

The plaintiff does not dispute that her claims would be untimely unless the defendant's conduct amounted to fraudulent concealment or a continuing course of conduct that tolled the statute of limitations.[7] Accordingly, we address the application of each doctrine in turn.

I

The plaintiff first claims that a genuine issue of material fact exists as to whether Faubert fraudulently concealed the plaintiff's cause of action such that the statute of limitations was tolled by the application of General Statutes § 52-595. The defendant argues that the court properly determined that any fraudulent concealment by Faubert ended on March 22, 2005, when he confessed his actions to law enforcement. In the alternative, the defendant argues that the undisputed facts do not provide a basis for imputing to the defendant potential grounds for tolling, which apply solely to Faubert.[8] We agree with the defendant on this alternative ground.

We begin our analysis by setting forth the language of § 52-595, which provides: "If any person, liable to an action by another, fraudulently conceals from him the existence of the cause of such action, such cause of action shall be deemed to accrue against such person so liable therefor at the time when the person entitled to sue thereon first discovers its existence."

"[T]o prove fraudulent concealment, [a plaintiff is] required to show: (1) a defendant's actual awareness, rather than imputed knowledge, of the facts necessary to establish the [plaintiff's] cause of action; (2) that defendant's intentional concealment of these facts from the [plaintiff]; and (3) that defendant's concealment of the facts for the purpose of obtaining delay on the [plaintiff's] part in filing a complaint on [her] cause of

action." *Bartone* v. *Robert L. Day Co.*, 232 Conn. 527, 533, 656 A.2d 221 (1995); accord *Falls Church Group, Ltd.* v. *Tyler, Cooper & Alcorn, LLP*, 89 Conn. App. 459, 475, 874 A.2d 266 (2005), aff'd, 281 Conn. 84, 912 A.2d 1019 (2007).

"[Additionally], the [defendant's] actions must have been directed to the very point of obtaining the delay [in filing the action] of which [the defendant] afterward [seeks] to take advantage by pleading the statute. . . . To meet this burden, it [is] not sufficient for the [plaintiff] to prove merely that it was more likely than not that the [defendant] had concealed the cause of action. Instead, the [plaintiff must] prove fraudulent concealment by the more exacting standard of clear, precise and unequivocal *evidence* . . . ." (Emphasis in original; internal quotations marks omitted.) *Stuart* v. *Snyder*, 125 Conn. App. 506, 513, 8 A.3d 1126 (2010), cert. denied, 300 Conn. 921, 14 A.3d 1005 (2011). Our Supreme Court has extended this tolling doctrine to include the defendant's failure to disclose material facts to a person toward whom it owed a fiduciary duty. See *Falls Church Group, Ltd.* v. *Tyler, Cooper & Alcorn, LLP*, 281 Conn. 84, 106–107, 912 A.2d 1019 (2007).

Although the plaintiff does not claim that the defendant itself has engaged in conduct that meets the elements of fraudulent concealment, she argues that the rules of agency operate to toll the statute of limitations. Citing to *Sheltry* v. *Unum Life Ins. Co. of America*, 247 F. Supp. 2d 169 (D. Conn. 2003), the plaintiff contends that the acts of fraudulent concealment by Faubert may be imputed to the defendant, thereby tolling the limitations period applicable to the plaintiff's claims against the defendant. In *Sheltry*, the court addressed whether the defendant insurance companies were entitled to summary judgment because an insurance agent was acting outside the scope of his authority, and not in furtherance of the defendants' business, when the agent converted funds that the plaintiffs gave to the agent for purposes of purchasing an insurance policy from the defendants. Id., 172–73. The court in *Sheltry* determined that there was a genuine issue of material fact as to whether the agent was acting with actual or apparent authority in soliciting the insurance application and receiving the funds from the plaintiffs. Id., 177. In making that determination, the court cited to § 261 of the Restatement (Second) of Agency, which provides that "[a] principal who puts a servant or other agent in a position which enables the agent, while apparently acting within his authority, to commit a fraud upon third persons is subject to liability to such third persons for the fraud." 1 Restatement (Second), Agency § 261, p. 570 (1958).

The plaintiff argues that the present case falls squarely within the rationale embodied in § 261 of the Restatement (Second) because the defendant placed

Faubert in a position that facilitated his ability to consummate the fraud at issue, and, therefore, a genuine issue of material fact exists as to whether the agent was acting with the apparent authority of the defendant when he committed the fraud. The plaintiff's reliance on *Sheltry* and § 261 of the Restatement (Second), however, is misplaced. While the agency discussion contained in *Sheltry* may be relevant to the merits of the plaintiff's vicarious liability theory, it provides no support for the plaintiff's assertion that the agent's conduct tolled the applicable statute of limitations.[9]

We reiterate that, in order to toll the statutes of limitation on the basis of fraudulent concealment, the plaintiff bore the burden of demonstrating that the defendant was actually aware of the facts necessary to establish the plaintiff's cause of action. Imputed knowledge is not enough. See *Macellaio* v. *Newington Police Dept.*, 145 Conn. App. 426, 433, 75 A.3d 78 (2013); *Falls Church Group, Ltd.* v. *Tyler, Cooper & Alcorn, LLP*, supra, 89 Conn. App. 475; see also *Cangemi* v. *Advocate South Suburban Hospital*, 364 Ill. App. 3d 446, 462, 845 N.E.2d 792 (2006) ("accountability for an agent's fraudulent concealment does not extend to a principal unless the principal is shown to have known or approved of the concealment"); 54 C.J.S., Limitations of Actions § 142 (2018) ("Generally, fraudulent concealment of a cause of action by a person other than the defendant will not toll the statute of limitations. On the other hand, if a third person is in privity with or occupies any agency relationship with the defendant, the defendant's knowledge or approval of the concealment is generally sufficient to toll the limitations period." [Footnotes omitted.]).

In addition, the fraudulent concealment doctrine's requirement that a defendant have actual knowledge, rather than imputed knowledge, as a condition for tolling is consistent with the purpose of statutes of limitations. "The purpose of [a] statute of limitation[s] . . . is . . . to (1) prevent the unexpected enforcement of stale and fraudulent claims by allowing persons after the lapse of a reasonable time, to plan their affairs with a reasonable degree of certainty, free from the disruptive burden of protracted and unknown potential liability, and (2) to aid in the search for truth that may be impaired by the loss of evidence, whether by death or disappearance of witnesses, fading memories, disappearance of documents or otherwise." (Internal quotation marks omitted.) *Bellemare* v. *Wachovia Mortgage Corp.*, 284 Conn. 193, 199, 931 A.2d 916 (2007); see also 51 Am. Jur. 2d, Limitation of Actions § 7 (2018) ("[s]tatutes of limitation are intended to provide an adverse party a fair opportunity to defend a claim, as well as to preclude claims in which a party's ability to mount an effective defense has been lessened or defeated due to the passage of time" [footnote omitted]). Tolling the limitations period to pursue claims

against an unwitting third party for the fraudulent concealment of another would frustrate the underlying purpose of the statute of limitations.

The plaintiff bore the burden of establishing a genuine issue of material fact as to the defendant's actual knowledge and concealment of Faubert's involvement in the fraud. "[I]t remains . . . incumbent upon the party opposing summary judgment to establish a factual predicate from which it can be determined, as a matter of law, that a genuine issue of material fact exists." *Connell* v. *Colwell*, 214 Conn. 242, 251, 571 A.2d 116 (1990). Our review of the summary judgment motions and the contents of the referenced affidavits reveals no evidence of the defendant's alleged concealment or knowledge of any purported fraud by Faubert. In fact, at oral argument before this court, the plaintiff conceded that the defendant had no knowledge of any criminal conduct by Faubert. Furthermore, as discussed in part II of this opinion, there is no evidence in the record of a fiduciary relationship between the plaintiff and the defendant. Accordingly, the plaintiff has failed to establish a genuine issue of material fact as to whether the applicable statute of limitations would be tolled pursuant to the fraudulent concealment doctrine.

## II

The plaintiff next claims that the trial court erred in granting the motion for summary judgment by failing to find that the continuing course of conduct doctrine tolled the operation of the statute of limitations. In response, the defendant argues that the court properly determined that any tolling under the continuing course of conduct doctrine necessarily came to an end on March 22, 2005, when Faubert confessed his actions to law enforcement and ceased acting in any professional capacity for, or with any fiduciary relationship toward, the plaintiff. In the alternative, the defendant argues that there is no basis for imputing, to the defendant, Faubert's alleged fiduciary relationship with, or obligations to, the plaintiff. We agree with the defendant's alternative argument.

"The issue . . . of whether a party engaged in a continuing course of conduct that tolled the running of the statute of limitations is a mixed question of law and fact. . . . We defer to the trial court's findings of fact unless they are clearly erroneous. . . . General Statutes § 52-577 is a statute of repose in that it sets a fixed limit after which the tortfeasor will not be held liable and in some cases will serve to bar an action before it accrues. . . . Nonetheless, [w]hen the wrong sued upon consists of a continuing course of conduct, the statute does not begin to run until that course of conduct is completed. . . . [I]n order [t]o support a finding of a continuing course of conduct that may toll the statute of limitations there must be *evidence* of the breach of a duty that remained in existence after com-

mission of the original wrong related thereto. That duty must not have terminated prior to commencement of the period allowed for bringing an action for such wrong. . . . Where [our Supreme Court has] upheld a finding that a duty continued to exist after the cessation of the act or omission relied upon, there has been *evidence* of either a special relationship between the parties giving rise to such a continuing duty or some later wrongful conduct of a defendant related to the prior act. . . . Thus, there must be a determination that a duty existed and then a subsequent determination of whether that duty is continuing." (Citation omitted; emphasis in original; internal quotation marks omitted.) *Stuart* v. *Snyder*, supra, 125 Conn. App. 510–11.

Our Supreme Court has stated that "a fiduciary or confidential relationship is characterized by a unique degree of trust and confidence between the parties, one of whom has superior knowledge, skill or expertise and is under a duty to represent the interests of the other. . . . [N]ot all business relationships implicate the duty of a fiduciary. . . . In particular instances, certain relationships, as a matter of law, do not impose upon either party the duty of a fiduciary." (Citations omitted; internal quotation marks omitted.) *Macomber* v. *Travelers Property & Casualty Corp.*, 261 Conn. 620, 640, 804 A.2d 180 (2002).

The plaintiff's claims hinge on the alleged fiduciary relationship between the plaintiff and Faubert. The relevant relationship, however, for purposes of the continuing course of conduct doctrine, is the relationship between the plaintiff and the defendant. It is undisputed that the plaintiff purchased an annuity product from the defendant, a life insurance company. As the defendant argued in its brief, our Supreme Court has characterized the relationship between the insurer and the insured as "commercial" in nature. (Internal quotation marks omitted.) Id., 641; accord *Harlach* v. *Metropolitan Property & Liability Ins. Co.*, 221 Conn. 185, 190, 602 A.2d 1007 (1992). The plaintiff failed to offer contrary authority that her relationship with the defendant was anything more than a commercial transaction. Nor did she proffer evidence of a unique degree of trust and confidence between the plaintiff and the defendant akin to a fiduciary or special relationship.[10]

Accordingly, the plaintiff has failed to establish a genuine issue of material fact as to whether the defendant had a fiduciary duty to the plaintiff such that the continuing course of conduct doctrine tolls the statute of limitations applicable to her action. Thus, the trial court properly granted the defendant's motion for summary judgment.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] The plaintiff is the trustee of the F. W. Carson and Elizabeth N. Carson charitable remainder trust and the revocable inter vivos trust of Elizabeth

N. Carson.

[2] The complaint alleged that Faubert "recommended to [the plaintiff] that she surrender the [t]rusts' Allianz [l]ife annuities . . . and entrust the funds to him, and in reliance upon said recommendation, [the plaintiff] surrendered the Allianz [l]ife annuities and entrusted said funds to Faubert as he recommended, which Faubert stole and converted to his own use and purposes."

It is undisputed that the defendant transmitted funds to the plaintiff in connection with a withdrawal from an Allianz life annuity on June 3, 2004. The defendant issued two checks to the plaintiff for the total amount of $350,000. Subsequently, the checks were endorsed by the plaintiff and deposited in a bank account of Faubert's company, Faubert Financial Group, Inc. Faubert was arrested and confessed to authorities on March 22, 2005.

[3] Counts one, two and three of the complaint allege that the defendant is "vicariously responsible" for the actions of its agent, Faubert, "under the principle of respondeat superior." In count four, the plaintiff alleges that the defendant "owed a duty to [the plaintiff] to properly oversee, monitor and supervise the sales practices of its agent Faubert, in order to ensure that Faubert complied with all state insurance laws and regulations and otherwise to protect [the plaintiff] from improper sales practices, frauds and theft."

[4] The "Agent Agreement" provides: "We recognize the special relationship you have with those to whom you have sold a policy; they are your clients."

[5] The defendant filed a second motion for summary judgment that addressed the merit based arguments of the plaintiff's vicarious liability claims. The trial court scheduled a hearing for the two motions for summary judgment on June 1, 2015; however, the trial court did not rule on the second motion for summary judgment.

[6] Section 52-592 provides in relevant part: "(a) If any action, commenced within the time limited by law, has failed one or more times to be tried on its merits because of insufficient service or return of the writ due to unavoidable accident or the default or neglect of the officer to whom it was committed, or because the action has been dismissed for want of jurisdiction, or the action has been otherwise avoided or defeated by the death of a party or for any matter of form; or if, in any such action after a verdict for the plaintiff, the judgment has been set aside, or if a judgment of nonsuit has been rendered or a judgment for the plaintiff reversed, the plaintiff, or, if the plaintiff is dead and the action by law survives, his executor or administrator, may commence a new action . . . for the same cause at any time within one year after the determination of the original action or after the reversal of the judgment."

The defendant also argued that dismissal of the plaintiff's 2008 action did not fall within the remedial scope of § 52-592 because the dismissal was due to inexcusable neglect of counsel. In rejecting that alternative claim, the trial court determined that the plaintiff made a factual showing that the dismissal was a "matter of form" and, thus, falls within the remedial scope of § 52-592. On appeal, the defendant does not contest the propriety of that decision.

[7] Counts one, two and four are subject to the three year statute of limitations set forth in General Statutes § 52-577. Section 52-577 provides: "No action founded upon a tort shall be brought but within three years from the date of the act or omission complained of." "Section 52-577 is a statute of repose that sets a fixed limit after which the tortfeasor will not be held liable . . . . The three year limitation period of § 52-577, therefore, begins with the date of the act or omission complained of, not the date when the plaintiff first discovers an injury. . . . The relevant date of the act or omission complained of, as that phrase is used in § 52-577, is the date when the negligent conduct of the defendant occurs and not the date when the plaintiffs first sustain damage. . . . Ignorance of his rights on the part of the person against whom the statute has begun to run, will not suspend its operation." (Citation omitted; internal quotation marks omitted.) *Kidder* v. *Read*, 150 Conn. App. 720, 726–27, 93 A.3d 599 (2014).

Count three, the CUTPA claim, is subject to the three year statute of limitations set forth in General Statutes § 42-110g (f). See *Bellemare* v. *Wachovia Mortgage Corp.*, 94 Conn. App. 593, 606–607, 894 A.2d 335 (2006), aff'd, 284 Conn. 193, 931 A.2d 916 (2007). Section 42-110g (f) provides that an action alleging an unfair trade practice under CUTPA "may not be brought more than three years after the occurrence of a violation . . . ."

Each of the four counts is based on Faubert's criminal conduct and subject to a three year statute of limitations. The relevant date for each statute is the date that the act complained of occurred. Any criminal actions of Faubert

necessarily occurred prior to his arrest on March 22, 2005. The original action was commenced on March 25, 2008, and, thus, outside of the three year limitation period for all counts.

[8] In addition, the defendant argues that § 52-592 does not provide that a plaintiff may rely on tolling of the applicable statutes of limitations in the originally filed action in order to permit refiling of the action following dismissal. Because we find there is no basis for imputing to the defendant Faubert's alleged fraudulent concealment of the plaintiff's cause of action, or Faubert's alleged "special relationship" with the plaintiff, we need not address the defendant's second alternative argument.

[9] The plaintiff also appears to argue that Faubert was acting as a fiduciary to the plaintiff and, thus, that Faubert's failure to disclose material facts tolled the statute of limitations as to the action against the defendant until the plaintiff discovered the facts necessary to establish her cause of action. The plaintiff, however, has offered no evidence of a fiduciary relationship between the defendant and the plaintiff. See part II of this opinion.

[10] The plaintiff also failed to offer evidence of any later wrongful conduct related to a prior act.

————————————————————